ANNIE H. ALLARDYCE ET AL. v. JOHN T. HAMBLETON, ADMINISTRATOR.

No. 1138.   Decided November 3, 1902.

1.—County Court—Probate Jurisdiction—Seting Aside Will.

The county court, sitting in probate, has jurisdiction of an action by th. widow of a testator to set aside a provision of his will by which an interest in his estate to the extent of ten thousand dollars was declared to be his separate property and the executor directed to pay the same to a trustee for his son (Pp. 32-34.)

2.—Same—Title to Real Estate.

The question of the validity of a provision in a will declaring ten thousand dollars of the property of the testator and his wife to be his separate estate and directing its payment by the executor to a trustee for his son, did. not involve the title to real estate out of sale of which the sum was to be raised, but was the assertion of a claim to reimbursement of his separate estate out of the community property, to determine the validity of which was within the jurisdiction of the county, not of the district court.   (Pp. 32-34.)

3.—Will—Claiming Separate Estate.

While a testator has power to dispose of his own interest in the community property, he can not by will fix upon the whole estate a claim in favor of his separate estate.   (P. 35.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*C. K. Breneman,* for appellants.—The court erred in sustaining the demurrer of defendant to the original petition of plaintiffs and in dismissing this case, in holding that neither the county court, nor the district court by virtue of the appeal thereto, had jurisdiction to try and determine the same and to grant the relief prayed for, on the ground that plaintiff's petition involves the title to land; because this is a statutory proceeding, begun as the statute directs, by a person interested in the estate and who is in no way disqualified, to annul certain clauses, provisions, and directions in a will, after it has been probated, in the court in which it was probated and during the time administration was pending therein under it, and such proceeding is specially provided for in title 39, chapter 12, articles 1991, 1992, 1993, and 1994 of the Revised Civil Statutes of Texas, which said articles are mandatory and have been strictly followed by plaintiffs in this action; and the County Court of Bexar County alone has original jurisdiction to try and determine the same and to grant the relief prayed for.

*Tarleton & Bass,* for appellees.—The county court sitting in probate has no jurisdiction to try title to real estate in a statutory proceeding brought therein praying to annul the provisions of a will (previously probated therein) upon grounds stated above.   Const. of Texas, art. 5, sec. 8; Miers v. Betterson, 18 Texas Civ. App., 430; Mayo v. Tudor Heirs, 74 Texas, 471; Groesbeck v. Groesbeck, 78 Texas, 665.

Counsel for appellant argues in his brief that this proceeding is business appertaining to an estate, etc., and that of such matters the district court only has appellate jurisdiction under the section of the Constitution cited.   Undoubtedly every matter concerning estates is business thereof, using the word in a popular sense, and in such a sense counsel uses it.   But construing the language of the section cited in its legal sense, it means that the district court has appellate jurisdiction of and control over county courts established for transacting all business appertaining to estates and which by law comes within the jurisdiction of such county courts.   As counsel admits that the same section confers original jurisdiction upon the district court to try title to land, it only remains for the court to inquire whether or not the pleadings allege grounds for canceling the will, or for attacking a title devised by the will.   The statutes under which contestants claim they are authorized to bring this suit cover and only cover the question of whether there is a will or there is not a will; or whether there is or are certain clauses therein; or is or are not certain clauses therein.   But never cover the question of whether there are certain rights of property or are not certain rights of property belonging to the testator's estate.   The statutory proceeding covers rights in and to the written instrument itself; but never covers rights in and to property.   The case at bar covers rights in and to property; and whether the court should construe the will to mean a ten-thousand-dollar estate or debt, both would be property and the existence of either could not be questioned here.

BROWN, ASSOCIATE JUSTICE.—Mrs. Allardyce, joined by her husband George B. Allardyce, began this proceeding in the County Court of Bexar County against John T. Hambleton, administrator with the will annexed of Henry E. Barnard, deceased, by an application to annul and set aside certain provisions in the will of the said Henry E. Barnard. The application alleged that Annie H. Allardyce and Henry E. Barnard were married on June 5, 1876, and lived together as husband and wife until his death, July 16, 1897, since which time she has intermarried with George B. Allardyce. She alleges that during her marriage to Henry E. Barnard there was born to them a son whose name is Henry E. Barnard, Jr., and who lives with his mother. The application alleged that Henry E. Barnard made a will which was duly admitted to probate in the County Court of Bexar County on the 21st day of September, 1897, which will contains the following provisions:

"First. I declare that the property and estate now owned by me of every nature and description, except a ten-thousand-dollar undivided interest therein, is the community estate of myself and wife Annie Hillard Barnard, who before her intermarriage with me was Annie Hillard Nanson."

"Sixth. The ten-thousand-dollar interest which I declare to be my separate property, I direct my executor as soon as possible after my decease to pay to Floyd McGown, trustee for my son Henry Eldon Barnard, Jr., who is now just past ten years old, to be by said trustee invested as soon as possible and kept invested in interest-bearing notes secured by mortgages or deeds of trust upon real property of at least double the value of the amount loaned thereon, and at a rate of interest of not less than 6 per centum per annum.

"And I desire my executor as fast as my share of the said community estate can be judiciously converted into money, which I wish done speedily, that the balance of the said community estate belonging to me, after the payment therefrom of the two thousand dollars to my said daughter as hereinbefore provided, shall be by my said executor paid to said Floyd McGown, trustee as aforesaid, to be by said trustee invested as I have directed him to invest the ten thousand dollars hereinbefore mentioned."

It is alleged by Mrs. Allardyce that all of the property in which the deceased Henry E. Barnard was in any way interested at his death was the community property of himself and the applicant, and that the deceased had no separate property whatever. She alleges that if the provisions of the said will are permitted to stand the administrator will proceed to sell the community property belonging to the said estate to raise the sum of $10,000 as directed in said will, by which she will suffer irretrievable injury in the loss of her half of the said community property. She charges that the statement made in the will, that the deceased had an interest of $10,000 in the community property as his separate estate, was false and made for the purpose of defrauding her of her community rights. She prays that the provisions of the said will

which authorize the administrator to sell the said community property to raise the sum of $10,000 be annulled and set aside so far as it affects her interesst.

To this application the administrator filed an exception which set up the following grounds:. First, that the application fails to show any jurisdiction in the county court to hear and to determine the matter complained of, in that the court is without power to take cognizance of the subject matter involved in the suit; second, that the petition sets up the facts involving title to the land and discloses a cause of action exclusively within the original jurisdiction of the District Court. The County Court sustained the exception and entered judgment for the defendant, from which Mrs. Allardyce appealed to the District Court, which court upon a trial of the said exceptions sustained the same and rendered judgment in favor of the defendant, from which an appeal was taken to the Court of Civil Appeals, which court affirmed the judgment of the District Court.

The conclusion to be drawn from the provisions of the will in question most favorable to the defendant in error, is that the testator claimed that during his marriage he had mingled his separate property with the community property of himself and wife to the amount of $10,000, and claimed reimbursement out of the community estate, to secure which, the provision was made directing the administrator to sell the community property to raise that sum. The will itself expressly declares that all of the property belonging to the estate is the community property of the testator and the plaintiff in error, hence the title to the property can not be involved in the proceeding. The only questions arising upon the facts alleged are, the correctness of the claim, and whether by law the separate estate of the testator is entitled to be reimbursed out of the community property. These matters concern the administration of the estate, and jurisdiction to determine every question arising therein is fully conferred by article 5, section 16, of the Constitution of the State, which is expressed in these words:

"The county court shall have the general jurisdiction of a probate court; they shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards; grant letters testamentary and of administration; settle accounts of executors; transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the settlement, partition, and distribution of estates of deceased persons."

The honorable Court of Civil Appeals held that the plaintiff's case depended upon her disproving the recitation in the will of an undivided interest in the community, and it seems that upon this declaration the court based its conclusion that the proceeding involved the title to real estate. If it were a correct proposition of law as stated

by that honorable court that the burden of proof rests upon the plaintiff, we do not see how it would affect the question of jurisdiction of the court, because, if the recitation be true, no title vested in H. E. Barnard in his separate right to any of the property, but his estate would be entitled to nothing more than reimbursement out of the community. Rice v. Rice, 21 Texas, 58; Furrh v. Winston, 66 Texas, 521. The law presumes all the property acquired during the marriage to be community property, and if it be claimed by the administrator that such is not the fact, then the burden would rest upon him to prove by satisfactory testimony the right of the separate estate of his testator to reimbursement out of the community. King v. Gilleland, 60 Texas, 271. We are of the opinion that the court erred in holding that the probate court had not jurisdiction to try the questions presented by the application.

Article 1991, Revised Statutes, provides that the directions and provisions of a will when probated shall be executed by the administrator, unless annulled or suspended by order of the court which probated the will in a proceeding instituted for that purpose by some person interested. Article 1992 prescribes how the application shall be made to the court, and article 1993 directs what the clerk shall do when the application is filed and the effect of the citation when issued by him. Article 1994 of the Revised Statutes is in the following language:

"If it appear upon the hearing of such application that no material injury to the interests of the applicant will be occasioned by executing the provisions or directions of the will, and that such provisions and directions are legal, the objections shall be overruled, and the provisions and directions objected to shall be confirmed and executed, and an order to that effect shall be entered upon the minutes; otherwise an order shall be entered upon the minutes of the court annulling the provisions and directions in the will to which objections are sustained, or suspending the execution of the same until the further order of the court."

The application puts in issue these questions: (1) Will material injury to the interest of the applicant result from the execution of the provisions in the will; (2) are the provisions in the will legal? According to the allegations of the petition the testator assumed to determine that he had in some way expended $10,000 from his separate funds in the purchase or improvements of the community property, and that such expenditure had been made in such manner as to entitle his separate estate to reimbursement out of the community estate, and without any action of the court upon his claims he directed his administrator to sell the community property for the purpose of raising the $10,000 to be devoted to uses specified in the will. It does not require argument to show that the execution of the provision in question would work material injury to the interest of applicant, because her interest in the community estate would be thereby subjected to sale for the payment of this claim without any opportunity on her part to con-

test its justice or validity. It is equally clear that the provisions are illegal so far as they affect the rights of plaintiff in error. While the testator had the power to dispose of his own interest in the community estate, he can not by will fix upon the whole estate a claim in favor of his separate estate. If this were permitted the testator's declarations in his own interest would be given the force of a judicial determination.

Because the District Court and Court of Civil Appeals erred in holding that the probate court did not have jurisdiction of the subject of this proceeding, and because the allegations in the application show that the execution of the provisions of the will would be injurious to the interest of the applicant and illegal in their consequences, it is ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and this cause be remanded to the District Court for trial.

*Reversed and remanded.*