SLAVIN et al. v. GREEVER et al.
(No. 1427.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 29, 1919.)

1. COURTS ⟨key⟩472(4) — DISTRICT COURT — JURISDICTION—EQUITABLE RIGHTS.

Action to determine plaintiffs' interest in property left by testator's grandfather and in the estate of plaintiffs' grandmother in the process of administration, involving title to such property and the question of whether the grandmother's administrator had converted the portion of the estate, and whether grandmother had title to certain property at time of her death, was within jurisdiction of district court, involving equitable rights not determinable by probate court under Const. art. 5, § 16.

2. COURTS ⟨key⟩472(4)—PROBATE COURT—DISTRICT COURT — QUESTIONS AFFECTING ESTATE.

Where the probate jurisdiction of county court under Const. art. 5, § 16, is inadequate to adjust equities in settlement of question arising during administration of estate, resort may be had to equity powers of district court, judgment to be performed through probate court, district court's jurisdiction in such case being auxiliary and ancillary to that of probate court, and to be exercised only in special cases.

3. HUSBAND AND WIFE ⟨key⟩229(2)—ACTION TO DETERMINE TITLE—PLEADING—COMMUNITY PROPERTY.

In action to determine plaintiff's interest in property left by grandfather and grandmother,

involving question of whether certain property was community property, petition referring to grandfather's will and probate thereof and inventory of property thereunder, together with partition suit in which such property was alleged to be community property and judgment therein, held to sufficiently allege that property was community property.

**4. WILLS** ⬫⟶577—CONSTRUCTION—COMMUNITY PROPERTY—"MY ESTATE."

Husband's will, directing division of "my estate," directed disposition of husband's property only, and not wife's community property.

**5. EXECUTORS AND ADMINISTRATORS** ⬫⟶38—ADMINISTRATION OF WILL — COMMUNITY PROPERTY.

Where husband's will directed distribution of his own property only, executor had no right to administer wife's half of the community estate.

**6. HUSBAND AND WIFE** ⬫⟶273(1)—RIGHTS OF SURVIVING SPOUSE—COMMUNITY PROPERTY.

Under the statutes defining community property, surviving spouse takes an undivided one-half interest in the entire estate, not as an heir, but as an owner.

**7. WILLS** ⬫⟶577 — COMMUNITY PROPERTY — DISTRIBUTION OF WIFE'S ESTATE.

Will providing that property given wife in certain clause of will should, upon wife's death, be divided equally between specified heirs, did not authorize distribution of wife's community estate among such heirs, where husband's will did not attempt to direct disposition of wife's share of community property, and issue of deceased child, though not so specified, was entitled to share in distribution.

**8. WILLS** ⬫⟶782(12)—ELECTION BY SURVIVING WIFE.

Surviving wife is not required to make election between will and her share of community property, where she receives no benefit under will inconsistent with her community interest.

**9. WILLS** ⬫⟶800—ELECTION—NECESSITY.

As a general rule, a party cannot take under the will and at the same time adverse to it.

Appeal from District Court, Ochiltree County; W. R. Ewing, Judge.

Action by Pauline Slavin and another against Edwin A. Greever and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

J. W. Payne, of Ochiltree, and Newton P. Willis, of Canadian, for appellants.

Coffee & Holmes, of Miami, and Hendricks & Mood, of Amarillo, for appellees.

HUFF, C. J. The appellant Pauline Slavin, joined by her husband, sued the appellees, Edwin A. Davis, Dwight B. Davis, and Frank B. Davis, Jr., Garland G. Greever, Auta C. Greever, Mrs. Ollie B. Roy and husband, John F. Roy, and Edwin A. Greever, in the district court of Ochiltree county, Tex., alleging: That plaintiff and defendants constituted the heirs, and all the heirs, of William A. and Lydia C. Greever. That William A. Greever died April 4, 1913, leaving a will disposing of his property in a different manner than according to the laws of descent and distribution, and left surviving him plaintiff and defendants, and Lydia C. Greever, his wife. The will was probated September 22, 1913, in the county court of Ochiltree county, Tex., and letters testamentary were issued to Edwin C. Greever and Frank B. Davis, named in said will as executors. On March 3, 1916, Lydia C. Greever, joined by Edwin A. Dwight, G. and Frank B. Davis, Jr., minors then and now, by their father and next friend, Frank B. Davis, as plaintiffs, filed their petition in a suit in the district court of that county, naming the parties defendant to that suit, all the other defendants named herein, and that the appellant Pauline Slavin was not a party thereto. That therein it was alleged that sections 74 and 75, block T, of the Tex. & New Orleans Railway Company and the N. W. ¼ of section 79, same block, and section 110, block 13, were the community property of W. A. and Lydia C. Greever, and of the estimated value of $20,800,000, and prayed for a partition and division of the land. That these lands had been included in the terms of W. A. Greever's will. The court rendered judgment as prayed for, partitioning the land, decreeing to Mrs. Lydia C. Greever the E. ½ of section 110 and the E. ½ of section 74 and all of section 75; and the other parties thereto named as heirs were each awarded 160 acres of said land. That there was belonging to the estate at W. A. Greever's death personal property, and the petition set out the items and the value of each item, amounting to several thousand dollars. That according to the will Mrs. Greever took one-sixth, but that the parties to the suit, except appellant, who was excluded from participating in the division, divided the personal property otherwise than as provided for by the will and according to caprice, and converted appellant's share to the use and benefit of the other parties. That Lydia C. Greever died intestate May 25, 1916, leaving as her heirs the appellant and the other named parties to this suit. That administration is now pending on her estate in the county court, and Edwin A. Greever was duly appointed administrator thereof. That the inventory and appraisement returned therein show no property in the estate except section 75, and the E. ½ of section 74. That Mrs. Greever died, seized of at least one-sixth of the personal property which she took under the will, of the value of more than $5,000, according to appellant's information and belief.

⬫⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(6) Plaintiffs says that by reason of the premises the will of W. A. Greever was by common consent revoked and annulled, and that his property passed according to the laws of descent and distribution, instead of as provided by said will, and that by reason of such matters plaintiff Pauline Slavin is entitled to her distributive share in the property of W. A. Greever, deceased, an undivided one-twelfth interest therein, and is further entitled to a one-sixth interest in all the property of her grandmother Lydia C. Greever, deceased; that defendants, and particularly Edwin A. Greever, who is acting as administrator of his mother's estate, are not only refusing to inventory any personal property that said Lydia C. Greever may have been possessed of at the time of her death, but are also contending that the plaintiff Pauline Slavin has no interest in either of said estates, on account of which this honorable court in its equity jurisdiction has the power to take charge of such matters and adjudicate to said Pauline Slavin her interest therein."

The defendants answered by general and special exceptions. The fifth special exception is substantially that they except to any assertion of any claim by plaintiffs or any title or interest in the estate of Lydia C. Greever, the wife of William A. Greever, for the reason that the petition shows upon its face that said estate is in process of administration, and that that court, and not the district court, has jurisdiction of said estate. The answer further contains general denial, and specially admitting that during the lifetime of Mrs. Greever there was a partition by judgment of the real estate as set out, and thereafter that Mrs. Greever conveyed to appellant Pauline Slavin 320 acres out of section 110, which was accepted by appellant, etc. It is further alleged that Pauline Slavin is the daughter of Carrie L. Buckley, deceased, and that Mrs. Buckley was the daughter of William A. and Lydia C. Greever, and that by the will as probated there was a disposition made of all the real estate and personal property owned by said William A. Greever, during his lifetime to those defendants as well as to Lydia C. Greever, his wife; that Mrs. Buckley was excluded from the provisions of said will, except the sum of $1, which was paid to her before the division of the estate; that any claim or interest that appellant, as heir of William A. Greever, deceased, has is by virtue of her descent from him through her mother, Carrie L. Buckley; that by probate of the will the title to the real estate and personal property vested in defendants, or as to their part of said estate, and during the lifetime of said Lydia C. Greever there was a complete partition and division of all of said real estate and personal property between the defendants and Lydia C. Greever; that by the fourth provision of the will, W. A. Greever suggested that in making division of the property of his estate same should be valued and should be allotted to each according to the appraised value of the same, and it was further suggested by said testator that a division should be made by mutual agreement, if possible. It is alleged: That in dividing the personal property of said estate interest of each named as beneficiary therein was partitioned as near as practicable according to the suggestion of the testator made in the will. That in said division between the defendants and Lydia C. Greever all of the personal property or any interest in same that could have been claimed by Lydia C. Greever in her lifetime, or owned by her as of her own right before her death, went into said partition and allotment made thereunder. Said Lydia C. Greever accepted the same, and took possession of said allotment turned over to her in said partition, and used and enjoyed her moiety to the time of her death. That at the death of said Lydia C. Greever she owned and possessed only the personal property that could be devolved upon her said heirs by virtue of the statutes of descent and distribution. It is alleged that the land conveyed by Mrs. Greever to appellant was made by way of advancement, and is of more value than any interest that appellant could inherit as an heir from the estate of the grandmother; that it was not the purpose by the judgment of partition to set aside the probate of the will, but that it was made in order that Lydia C. Greever might convey to the appellant the land above mentioned, as she desired to do.

It will not be necessary to set out the supplemental petition of appellants.

The court, upon hearing special exception No. 5, sustained the exception as made, and thereupon the appellants, as plaintiffs, filed a trial amendment, alleging that Edwin A. Greever, both as independent executor of W. A. Greever's estate and also as administrator of Lydia C. Greever's estate, entered into a fraudulent conspiracy with the other defendants to take, withhold, and convert to their own use all the property that pertained to said estates and, to deprive Pauline Slavin of her share and interest therein, and in pursuance of said conspiracy all of said defendants, including Edwin A. Greever, as executor and administrator, colluded together and disposed of all the property of said estates, and divided the proceeds thereof among themselves, but gave Pauline Slavin no part thereof, and have refused, and still refuse, to give Pauline Slavin any part thereof, and, further, they are withholding from plaintiff the title and possession of all the land of said estates, and are fraudulently attempting to appropriate and misapply to their own use all of the assets of said estate, to the exclusion of any right of plaintiff to share therein.

The appellees, as defendants, excepted to the trial amendment, setting up a conspiracy

of Edwin A. Greever as administrator of Mrs. Greever and to all other matters set up in said trial amendment, referring to the estate of Mrs. Greever, for the reason that the court had previously sustained defendant's exceptions covering that matter, on the ground of having no jurisdiction, and because the court is without jurisdiction to try the matters affecting the estate of Mrs. Greever. The court sustained this exception.

The court heard evidence, and the facts as shown by the record show the will executed, which will be hereafter noticed in the opinion, was probated as alleged and an inventory of the property filed; that before the death of Mrs. Lydia C. Greever there were partition suits, and judgment had thereon, partitioning the land substantially as alleged by the parties to this suit, and that thereafter Mrs. Greever died, and Edwin A. Greever, who was the independent executor under the will of W. A. Greever, was appointed as permanent administrator of the estate of Mrs. Greever.

The inventory of the property filed shows that the property listed was all community property of W. A. and Lydia C. Greever, and was appraised or valued at something over $40,000; that after the death of Mrs. Greever, the evidence would warrant the finding that the personal property of her estate was of the value of something over $6,000, besides the section and half of land which had been set aside to her in the partition suit. We find this agreement in the statement of facts:

"It is agreed between the parties that, since the death of W. A. Greever, Edwin A. Greever, as executor and F. B. Davis as executor, have disposed of personal property that was left in the estate of W. A. Greever at the time of his death, to the total amount or value of $16,820.-85, which is the correct valuation of the property after deducting the expenses of the administration, and that each heir received, May 24, 1916, $1,707.66, and since May 24, 1916, each heir received $1,239.45."

Mrs Greever's death occurred on May 24th, and the heirs referred to as having received the distribution did not include the appellant Pauline Slavin, but she was excluded in all the distributions. The executor under the will, and the administrator of Mrs. Greever's estate, testified:

"Yes, it is a fact that I, as executor and administrator, have denied that Pauline Slavin has any interest in either of these estates. As to our refusing to distribute to her any part of this estate, we have followed the will as I saw it. I do not admit that she is interested in either of these estates; I am charging that that she is not, and I would not, as administrator or executor, give her any of these estates, either land or personal property; and after I sold all of this personal property it was my purpose to distribute it among the heirs exclusive of Pauline Slavin. No; that was not the express purpose of selling it. I didn't have any purpose in giving any of it to Pauline Slavin. No, sir; I thought the other heirs should have it. I looked at it that way. I believe I was following the will."

There is some testimony that the other heirs received advancements from their father's estate previous to his death. The administrator testified substantially also that the personal property that his mother had on hand at her death went back into his father's estate under the will, and the testimony authorizes the statement that in distributing under the will he gave to Mrs. Greever one-sixth, as provided for by the will, which she accepted. We shall not try to recite the testimony bearing on this point.

At the end of the trial the court instructed a verdict for the appellees, and judgment was rendered generally that the appellant take nothing by reason of her suit, and no direction was made that Mrs. Greever's estate be referred to the probate court.

[1] The first question presented by the assignments call in question the action of the court in sustaining the exceptions heretofore set out, and this presents a question of jurisdiction. The petition of appellant is very defective, and it is difficult to ascertain just what is sought by the allegations. It is apparent, however, that appellant Pauline Slavin claims a one-sixth interest in Lydia C. Greever's estate, left her at her death, and of one-twelfth interest in W. A. Greever's estate, left at his death. It is alleged that the administrator of the first and executor of the second estate had converted her interest therein, and that he and the others entered into a fraudulent conspiracy to take, withhold, and convert to their own use the estate, and to deprive her of her interest and share, and in pursuance of such conspiracy they sold all the personal property and divided the proceeds among themselves, and gave her no part thereof, and withheld from her the title and possession of the real estate, etc. The appellees, by their answer, assert Carrie L. Buckley was a daughter of W. A. and Lydia C. Greever, and the mother of Pauline Slavin; that by the will of W. A. Greever this daughter was excluded from participation in the estate, and that the will and probate thereof vested title to the real estate and personal property in appellees; that by the terms of the will it was suggested that the beneficiaries themselves make a division by agreement, if possible; that the suggestion was followed and the property divided between the appellees and Mrs. Lydia C. Greever during her lifetime, and that she gave, by way of advancement to appellant, 320 acres of land, which is in excess of the value of any interest that she may have in the grandmother's estate. We believe when the entire

pleadings are taken into consideration that it is apparent therefrom that a question of title to the real estate and personal property is presented, and the suit was brought to establish such title or interest therein in favor of appellant Pauline Slavin. It is shown thereby that the administrator claimed a personal right and interest adverse to the appellant, and that he had converted the personal property. If this is true, the probate court could not adjudicate the title or award damages for the conversion, but the district court, under the Constitution, was the only court that had jurisdiction. Article 5, § 16, of the Constitution, gives the county court the general jurisdiction of a probate court, and authority to probate wills, "grant letters testamentary and of administration; settle accounts of executors; transact all business appertaining to deceased persons, * * * including the settlement, partition and distribution of estates of deceased persons."

[2] The question presented by the pleadings is whether certain personal property belonged to the estate of Mrs. Lydia C. Greever at her death, or whether it had vested in the appellees; appellees contending that the property was theirs under the will, and by virtue of an agreed partition, and therefore not subject to be administered as part of the estate, and was not involved in the administration proceedings pending in the county court. As to the real estate it is alleged that appellees were asserting title thereto adverse to appellant, while the answer of appellees appears to recognize appellant would have an interest in the land but for the fact that appellant had received advancements more than her interest therein, and we presume for that reason should be tried in the probate court. In other words, there was a controversy between appellant and appellees as to title and ownership of the property. This question would first have to be determined before it could be administered by the probate court or partitioned therein.

"While it is customary to speak of the jurisdiction of the county court over matters relating to estates of deceased persons, under administration as 'exclusive,' and the entire current of judicial decisions is to carefully protect the jurisdiction of that court over such matters, as it ought to be, yet is it plainly recognized that questions may arise affecting estates in regular course of administration, requiring, for illustration, the adjustment of equities for the settlement of which the probate jurisdiction of the county court is inadequate, and in such cases, notwithstanding the administration, resort may be had to the equity powers of the district court for the determination of those questions, the judgment to be performed through the probate court. This is a jurisdiction auxiliary and ancillary to that of the probate court. In some extraordinary instances it may be corrective. It is to be exercised only in special cases but it nevertheless exists. Cannon v. McDaniel, 46 Tex. 303; George v. Ryon, Administrator, 94 Tex. 317, 60 S. W. 427; Western, etc., Mortgage Co. v. Jackman, Adm'r, 77 Tex. 626, 14 S. W. 305; Pomeroy, Equity Jurisprudence, vol. 3, § 1154, pp. 2283–2294." Lauraine v. Ashe (Sup.) 191 S. W. 563.

The Supreme Court, in the case of Edwards v. Mounts, 61 Tex. 398, held that the probate court had no jurisdiction to determine, as between an administrator and the heirs, the ownership of the proceeds of a policy of insurance claimed by the administrators to be assets of the estate, and by the heirs as their individual property, derived by inheritance from another ancestor, the assignee of the party insured. This case, in its essential facts on jurisdiction, is substantially the same as the above except the positions of the parties are reversed. Cavitt v. Beall Hardware Co., 204 S. W. 798, and authorities cited; Timmins v. Bonner, 58 Tex. 554; Wadsworth v. Chick, 55 Tex. 241.

Though the petition is lacking in some important allegations, we think it presents questions which call into action the equity powers vested in the district court. It is apparent from the allegations that appellant's contention is that the appellees having divided the property among themselves by a different method to that prescribed by the terms of the will presented a question for the application of the rule of equity under such circumstances. The allegation shows that under the arbitrary division appellees were claiming the entire estate of both decedents as their property, and that the estate left by Mrs. Greever would pass to them under the will and would exclude appellants, notwithstanding they, themselves, had not taken the property under the will. We think it is manifest from the allegations that questions are presented for settlement to determine which the jurisdiction of the probate court is inadequate. Crain v. Crain, 17 Tex. 86; Dobbins v. Bryan, 5 Tex. 276; Smith v. Smith, 11 Tex. 102; Becton v. Alexander, 27 Tex. 667; Cannon v. McDaniels, 46 Tex. 312, 314; Japhet v. Pullen, 63 Tex. Civ. App. 157, 133 S. W. 441.

The cases cited by appellees of Allardyce v. Hambleton, 96 Tex. 30, 70 S. W. 76, and Wilkinson v. McCart, 53 Tex. Civ. App. 508, 116 S. W. 400, do not hold to the contrary, as we read them. In the first case cited the will of the husband sought to ingraft upon the wife's community interest a charge to reimburse his separate estate for the advancement made to the community. The court held he could not do so by will, and that the probate court had jurisdiction to determine the validity of the attempted charge against the community. The Supreme Court said therein, in passing on the question: "The title of the property cannot be involved in

the proceedings." In the second case cited suit was brought to partition an estate in the district court and to establish heirship of the decedent. In that case there was no contest of ownership. It was held by the Court of Civil Appeals that the probate court had jurisdiction, and that the district court did not.

For the reasons above expressed we believe the trial court was in error in sustaining the exceptions assailing the jurisdiction of the district court.

It is suggested by appellees that as the court received the evidence and instructed a verdict there was no such error in his rulings as would reverse the case. In his ruling the court must have concluded he had no jurisdiction over the subject-matter, which, under the exception, was the estate of Mrs. Greever, then in course of administration. The pleadings present the issue whether certain property belonged to the estate at her death, or whether it belonged to the appellees at that time, and whether or not certain property under the will passed to appellees instead of to Mrs. Greever's estate. If it passed to the estate, unquestionably appellant had an interest subject to partition. These questions were also involved with the proceedings under the will, the partition suit, etc. Certainly if the judge thought and held his court had no jurisdiction, he would not have attempted to adjudicate the rights or issues which he could not determine. The only question, as it appears to us, which he undertook to determine was under the pleadings and rulings whether appellant took as heir one-twelfth interest in W. A. Greever's, her grandfather's estate. This, it occurs to us, was the issue upon which he instructed a verdict. However, the judgment rendered in this case is that the appellant take nothing by her suit. Her suit involved an interest in her grandfather's estate, of one-twelfth, and a one-sixth interest in her grandmother's estate. If the court had no jurisdiction as to Mrs. Greever's estate, the judgment was wrong, and that portion should have been dismissed without prejudice. The judgment, therefore, must, in the light of the pleadings and rulings, dispose alone of the appellant's interest in her grandfather's estate, and not that of the grandmother, which latter was left for determination by the probate court. We think the court had jurisdiction of all the issues, and they are so interwoven, one with the other, that they should be tried together, and for this reason the case should be reversed, if for no other.

[3] The next question under the assignments and the facts of the case presents the proper construction of the will and the rights of the parties thereunder, and their rights as heirs, to the two estates. The petition fails to allege in terms that the estate left at the death of W. A. Greever was the community property of himself and wife, but it refers to the will and the probate thereof, and the inventory of the property thereunder, together with the partition suit and judgment, evidence, we think, a sufficient allegation that the estate was community. The record establishes beyond controversy that all the property at the death of W. A. Greever was the community estate of himself and wife. The second clause of the will gave "all of section 75" to the wife "for her sole use during her life, and at her death I desire that said section be divided equally among the children named in the third paragraph of this, my will." The third paragraph reads:

"It is my desire and I direct that the remainder of my estate, both real and personal, of every kind and description, wheresoever the same is located, be divided equally among my wife and our children, here named, as follows: [The will naming all his children except Mrs. Buckley, the mother of appellant], "each to receive one-sixth of all my said estate, except said section 75, but should any of the children here named be deceased at the time of my death, and should not be survived by any heir of their body, then and in that event I direct that the part of my estate which they should have taken under this will, should they survive me, be divided equally among my wife and those of our children hereinbefore named, who shall survive me.

"4. I suggest in making the division of my estate" [suggesting that it be valued, the legatees to select, etc.; the will reciting that it was only a suggestion, but that the division be desired be made by mutual agreement, if possible].

"5. I desire that before the division of my estate, as provided in paragraph 3, is made, the sum of one dollar be paid out of my estate to my daughter, Mrs. Carrie L. Buckley."

The sixth and seventh paragraphs nominated Francis B. Davis, and Edwin A. Greever as independent executors, without bond.

"8. I direct that the property which my beloved wife, L. C. Greever, shall take under the third paragraph of this my will, shall be for her use and benefit during her life and it is my will at her death the said property shall be divided equally among all the other legatees named in the said paragraph, who shall survive her."

We think the will by its language only disposed of his estate. The words used would not include any other estate. The language is "my estate, both real and personal." In suggesting a division it was of "my estate." No action was to be taken in the courts "over my estate," other than to probate the will, etc.

[4, 5] Reading the entire will, it is our conclusion that it did not dispose of Mrs. Greever's community estate, and its provisions did not affect it or authorize the division thereof under the terms of the will. The will in this instance does not in terms propose to dispose of anything but the testa-

tor's own estate, and does not intrench upon the community rights of the wife. Parker v. Parker, 10 Tex. 84, at page 97; Moss v. Helsley, 60 Tex. 426; Pomeroy's Equity Jurisprudence, vol. 1, § 505. This is appellees' construction of the will, if we correctly understand them. If this is a correct interpretation, Mrs. Greever, at the death of her husband, took one-half of the entire estate, plus one-sixth interest in the husband's half and a life estate in an undivided half of section 75. The executor would have no right to administer her half of the estate under the will. If they paid her one-sixth of the personal property it must have been, under the terms of the will, out of her deceased husband's moiety. If they paid her more than one-sixth in such half interest, or a one-sixth interest in the entire community estate, they would pay her no more than was her own; but if they paid the other heirs and themselves each one-sixth of the entire estate, they were paying themselves one-twelfth each out of Mrs. Greever's moiety.

[6] This construction renders it, as we conceive it, unnecessary to discuss the question, where an heir elects to take as an heir and not under the will, the effect it would have on the interest of other heirs taking under the will and the adjustment of the equities occasioned thereby, as frequently arises in adjusting equities under such circumstances. See Pittman v. Pittman, 81 Kan. 643, 107 Pac. 235, 27 L. R. A. (N. S.) 602, and notes thereunder. In this state as to the husband and wife, under out statutes defining community property, upon the death of one of the spouses, the other does not take as an heir, but as an owner of an undivided one-half interest in the entire estate. Heidenheimer v. Loring, 6 Tex. Civ. App. 560, 26 S. W. 101.

[7] The eighth paragraph of the will directs that the property which the wife took under the third paragraph at her death should be divided equally among all the other legatees named. Therefore the remainder of the one-sixth of the husband's half which had been paid to Mrs. Greever, or was in the hands of the executor, would vest in the appellees under the will, in which appellant could not participate. This clause, however, did not authorize the appellees to divide the wife's half of the community estate among themselves, or give them any right or title thereto, other than that of heirs. At the death of Mrs. Greever they, as children, would inherit a child's part, and appellant, being the only child of her deceased mother, would also inherit a child's part of her grandmother's half interest in the entire community estate, and the executor and administrator and other heirs had no right to exclude her therefrom.

[8] Perhaps it is unnecessary to discuss the question if the husband had undertaken to dispose of the wife's interest by the will the rules that should govern, but inasmuch as it is apparently insisted that as to the personal property Mrs. Greever elected to take under the will, and that the will will control in its distribution, we feel that we should in some measure give our views. Clearly, as to the real estate, the wife and legatees treated the will as not passing her interest, but, as we hold, the will did not put her to an election, as there was no assumption by the terms of the will disposing of her interest. If, however, this could be said to have applied to the personal property, of which no partition was made, then we understand in order to make an election the evidence must make it appear that the wife received some benefit under the will inconsistent with her claim of one-half of the whole estate. Now, if Mrs. Greever did not receive some benefit inconsistent with her community interest, she would not be deprived thereof. Mayo v. Tudor, 74 Tex. 471, 12 S. W. 117; McClary v. Duckworth, 57 S. W. 317, and authorities cited.

[9] It is the general rule that a party cannot take under the will and at the same time adverse to it. Such person must adopt its whole contents so far as it concerns that one. Philleo v. Holliday, 24 Tex. 38; Little v. Birdwell, 27 Tex. 688. Clearly the wife never elected to accept a one-sixth interest in the entire estate as her part. The partition of the real estate evidences that fact. The clause devising to named legatees includes both real and personal property in the same connection and in the same terms. Such being the construction, the only right appellees can assert to the estate of Mrs. Greever, other than their interest as heirs of Mrs. Greever, was by gift by her during her lifetime. We do not think the evidence conclusive of such gift. Again, if she made a gift to the appellees, if appellant shall be required to surrender and put her 320 acres in hotchpotch, appellees should also be required to do so. It is our view that appellant cannot recover any part of her grandfather's interest under the will or the one-sixth of that interest paid the grandmother before her grandmother's death, but her right to her grandmother's community estate and the estate left by her at her death should be set over to her, and her rights fixed therein. Of course the advancements made to each and all the heirs should be put in hotchpotch, as required by law governing descent and distribution. The district court having acquired jurisdiction, we see no reason why the rights of all the parties should not be settled by that court and proper judgment rendered. The interest of W. A. Greever in the community estate will pass to the appellees as above stated, and doubtless such was the purpose

and view of the court in directing a verdict in this case; but, as we regard it, these two estates being in the hands of the executor, and held jointly, we think the best interests of all parties require an adjudication of both together.

The judgment will be reversed, and the cause remanded.

---

⬤➠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes