## ATTAWAY et al. v. TEAGUE.
### No. 4316.

Court of Civil Appeals of Texas. Texarkana. March 30, 1933.

Nat W. Brooks and Brady P. Gentry, both of Tyler, for appellants.

McCart, Curtis & McCart, A. L. Camp, and John Nisbet, all of Fort Worth, for appellee.

JOHNSON, Chief Justice.

Jesse Attaway, Brady P. Gentry, and Nat W. Brooks are the owners, in undivided interests, of 25 acres of valuable land located in the oil field of Smith county, Tex. Jimmie Attaway is the duly appointed, qualified, and acting guardian of the estate of Jesse Attaway, non compos mentis, which guardianship proceedings are pending in the probate court of Van Zandt county, Tex. Jimmie Attaway as such guardian, jointly with Gentry and Brooks, entered into a contract with George A. Teague whereby they agreed to convey to Teague an oil and gas lease interest in the land for the consideration and under the stipulations expressed in the con-

tract, providing for the drilling of a well. Teague failed to perform, and by its terms the contract, because of Teague's forfeiture, terminated. Subsequent to his forfeiture and after he had abandoned any intention (according to findings of the jury) to perform the contract, Teague executed his affidavit and attached to it a copy of the contract and caused them to be recorded in the deed records of Smith county. In the affidavit Teague states, in substance, that the contract is being executed by him; warns all parties who interfere with or delay him that they will be compelled to respond in damages to him; and further states therein that he is having the affidavit and copy of the contract placed of record for the purpose of giving notice to all persons who might otherwise become interested in the property. This suit was filed by Jimmie Attaway as guardian of the estate of Jesse Attaway, and by Brady P. Gentry and Nat W. Brooks, plaintiffs, in the district court of Smith county to cancel of record the affidavit and contract, to quiet plaintiffs' title, and to remove all cloud cast thereon by reason thereof. Defendant, George A. Teague, answered denying the forfeiture of the contract, and by his cross-action sought judgment decreeing a conveyance of the leasehold interest in the land to him, and in the alternative for $100,000 damage. The case was tried to a jury; their answers to all the issues are in favor of plaintiffs and against defendant. The defendant filed a motion to set aside the verdict of the jury and for new trial; and to dismiss the case for want of jurisdiction, asserting that exclusive jurisdiction to try the case was vested in the probate court of Van Zandt county. Plaintiffs filed their motion to the court to render judgment for plaintiffs and against defendant upon the findings of the jury. The court rendered judgment as follows:

"On March 25th, 1932, said motions came on for hearing, with all parties present by attorneys. After hearing said motions and arguments thereon, the Court is of the opinion and finds, and concludes; that if this court has jurisdiction of this cause, defendant's motion for new trial should be in all things overruled; and plaintiffs' plea for judgment for the plaintiffs, and against the defendant on his cross action and plea in reconvention herein, should be granted, and such judgment rendered. But the court concludes as matter of law, this court is without jurisdiction in this cause, but that the issues made by the plaintiffs' pleadings herein can only be determined by the Probate Court of Van Zandt County, Texas; and that because of want of jurisdiction of the cause of action alleged by plaintiffs herein this Court has no jurisdiction to determine the issues presented by defendant's cross ac-

tion and plea in reconvention herein; and that because of such want of jurisdiction, the verdict of the jury should be disregarded and held for naught, and judgment be rendered herein, notwithstanding the verdict, dismissing this cause for want of jurisdiction of this Court herein.

"It is therefore ordered and decreed by the Court that the verdict of the jury herein be disregarded and held for naught, and notwithstanding said verdict, this cause, together with defendant's cross action and plea in reconvention, be and the same is hereby dismissed at the costs of the plaintiffs, and that the defendant recover of the plaintiffs, jointly and severally, all costs expended by him herein, for which let execution issue."

In so far as the suit was by and against Jimmie Attaway as guardian of the estate of Jesse Attaway, it affected an estate which was being administered by guardianship under the jurisdiction of the probate court of Van Zandt county, the court in which such guardianship proceedings were pending; and the jurisdiction of the probate court in the administration of estates is generally expressed as being "exclusive jurisdiction." However, many questions arise affecting the securing, protection, and preservation of the estate, of which the probate jurisdiction of the county court is inadequate to grant proper relief. In such cases resort must be had to the district court, especially when such questions involve the determination of title to real estate. Slavin v. Greever (Tex. Civ. App.) 209 S. W. 479; United States Fidelity & Guaranty Co. v. Hall (Tex. Civ. App.) 173 S. W. 892; 11 Tex. Jur. § 56, pp. 784, 785. Upon his appointment and qualification, the guardian is authorized to institute suits for such purposes. No special permit or order of the probate court is required; the power is given him by statute, article 1981, R. S., which provides that he may institute suits "for title or possession of lands, or for any right attached to, or growing out of the same, or for injury or damage done thereto." With this authority specially granted him, and charged with the corresponding duty to possess, protect, and preserve the estate, and the district court having exclusive jurisdiction to remove cloud from title or decree specific conveyance, the guardian would not be denied the right to resort to that court, which alone has jurisdiction to grant complete relief.

The judgment of the trial court dismissing the case is reversed, and judgment is here rendered in favor of appellants, Jimmie B. Attaway as guardian of the estate of Jesse Attaway, Brady P. Gentry, and Nat W. Brooks, and against appellee, George A. Teague, canceling of record the affidavit of George A. Teague and attached copy of the contract entered into between appellants and appellee; that appellee, George A. Teague, recover nothing by reason of his cross-action; and that appellants recover of appellee all cost in this court and the court below.