**RAGLAND v. WAGENER.**

No. 4354.

Court of Civil Appeals of Texas. El Paso.

Jan. 6, 1944.

Rehearing Denied Feb. 3, 1944.

B. D. Kimbrough, of McAllen, for appellant.

Hill & Franki, of Mission, for appellee.

SUTTON, Justice.

This is a statutory action brought by the appellee under the provisions of Art. 3433, R.C.S., and the applicable articles immediately following to annul a provision of the will of one Lawrence G. Adams. The suit originated in the County Court of Hidalgo County. From a judgment of the County Court annulling the provisions sought to be annulled the defendant appealed to the District Court, where a like judgment was obtained by plaintiff, and from that judgment this appeal is prosecuted.

The probate proceedings in Hidalgo County are ancillary to that had in Oklahoma where the principal estate of the de-

ceased is situated and where the testator resided at the time of and prior to his death.

The proceeding here was instituted under and in strict compliance with the statutes, supra, and no questions are here presented on the pleadings in that respect but the issues arise otherwise.

The grounds for annulment set up were:

(1) The testator attempted to reserve to himself the right to revoke a clear and unambiguous devise in a manner not authorized by law; (2) because he attempted to incorporate into his will a deed not then in existence; and (3) because the devise is absolute on its face and stands alone without explanation, interpretation or construction without the aid of extraneous evidence.

The defendant by proper pleadings challenged the jurisdiction of the County Court, and hence the District Court on appeal from the County Court on the ground the application to annul necessitated judicial construction of the testator's language used in that portion of the will sought to be annulled, and since the District Court has exclusive original jurisdiction to construe wills the County Court is without jurisdiction. This is likewise his first point on appeal.

The provision sought to be annulled is found in paragraph "Eighth" of testator's will and the material portions thereof read:

"Eighth: I will, devise and bequeath to John Wagener and _____ Wagener, his wife, of Mission, Texas, all the following real property situated in County of Hidalgo, State of Texas, to-wit: (here follows a particular description of the land), to have hold and enjoy the same as joint tenants, and upon the death of either, the title shall vest in the survivor. It is my intention to execute a deed, conveying the above described property to said devisees and deposit the same with this will in my private box. In the event of my failure so to do, or if said deed is not found with this will, then such devise shall stand revoked, and the property herein described shall become a part of my residuary estate and pass to my residuary legatee."

The residue of the estate is vested under the terms of the will in a residuary legatee.

The provision sought to be annulled is the last two sentences quoted above, commencing with the words, "It is my intention to execute a deed * * *" and continuing to the end of the quotation.

We think the first point cannot be sustained. It is settled the County Court has jurisdiction under the provisions of the statutes, supra, to annul the provisions of a will, Allardyce et al. v. Hambleton, 96 Tex. 30, 70 S.W. 76, and such actions have been prosecuted numerous times subsequently, Brooker v. Brooker, 130 Tex. 27, 106 S.W.2d 247, Thornton v. McReynolds, Tex.Civ.App., 156 S.W. 1144 (writ refused), and Carroll v. Hunt, 140 Tex. 424, 168 S.W.2d 238, to which might be added a number of cases decided by the Courts of Civil Appeals. The precise question remains as to whether the suit is one to construe the will, or is there such construction necessitated as renders the suit one for construction. As a practical matter and practice there can hardly be a question arise in the administration of an estate in the probate court that will not involve a construction of the will. If such incidental construction be permitted to oust the jurisdiction of the court then all proceedings there would be rendered so impractical and useless as to serve no good end. It is so well settled as to be elementary that the District Court has the exclusive, original jurisdiction of a suit brought for the exclusive purpose of construing a will. It does not follow that the County Court is without jurisdiction to construe a will where such construction is merely incidental to a proceeding over which it does have jurisdiction. Indeed it has been held the probate court does have such incidental power of construction where it has properly acquired jurisdiction over the matter involved. Maibaum et al. v. Union Trust Co. et al., Tex.Civ.App., 291 S.W. 924, pars. (1) and (2), at page 927, writ refused.

Suits to construe usually are brought to secure advice upon which the administrator may properly act in the proper administration of the estate and to have made plain ambiguous language and provisions. Such was not the case here, but the proceeding was to annul and strike out the provision complained of on the grounds stated and that was the only matter before the court. We regard the provision attacked as plain and unambiguous and, therefore, admits of no construction.

The second point is since the will was originally probated by a court of gen-

eral jurisdiction in Oklahoma the judgment of that court is res adjudicata and protected by the full faith and credit provisions of the national Constitution, and the courts of Hidalgo County, Texas, are without power to adjudicate the validity or invalidity of the provision attacked. This cannot be, because courts of other states have no jurisdiction over real property in Texas and the vesting of title thereto is governed by the laws of this State: 9 Tex.Jur. 359, par. 8, and cases there cited; 44 Tex.Jur. 619, par. 77, and cases there cited; Arts. 3352 and 8301, Vernon's Annotated Civil Statutes; Pena y Vidaurri's Estate, v. Bruni, Tex.Civ.App., 156 S.W. 315 (writ refused), and Clarke v. Clarke, 178 U.S. 186, 20 S. Ct. 873, 44 L.Ed. 1028, and to which might be added many authorities.

 The third and last point is devoted to rules of construction, and the point made is that a proper construction of the involved provision constitutes it a condition precedent. We regard the bequest here as absolute and unconditional. The provision complained of is but an expressed reservation of the right to revoke and a designation of the manner in which it is proposed to effect it. The law of this State does not sanction such a revocation. The passing of title by will involves a solemn act. Our statutes prescribe how it may be done, and when once done how the thing may be revoked or withdrawn. Art. 8285, R.C.S. The law does not permit a will once solemnly executed and produced in the manner provided by law to be revoked or destroyed by some intended or careless omission, or accident, or the easy caprice of some other. The reasons are perfectly apparent. We take it as conceded had the deed once been made and placed as provided the devise would have been completed and effective (and no one could know with certainty that that had not been done except the testator), unless the deed be removed by the testator, or someone else, or by accident misplaced, lost or destroyed. Certainly the law does not constitute such a revocation, and that regardless of the intention of the testator. This provision, in our opinion, does not attach a condition as contended for. It is in effect a declaration that in confirmation of the bequest it is his intention to execute a deed, etc., and that his failure to do so should constitute a revocation, by virtue of his failure, or by the removal of the deed if so placed. Our statutes do not authorize a revocation in such manner. He does not say the bequest is dependent upon the making, placing and finding of the deed. The bequest is complete and the declaration added if he fails to do the things enumerated, or on performance thereof the failure to find the deed the same shall constitute his revocation of a bequest already made.

 The deed could add nothing to the effectiveness of the will, because it (the deed) was not in existence and incapable of sufficient identification to be made a part of the will. Brooker v. Brooker, supra. The only way the deed could have had any effect and operation on the will would have been to have tied it to a provision, as contended for by appellant, that the devise was not to vest and be effective unless the deed be made, placed and left. There is no such provision. If the provision admitted of construction and resort to it were made necessary, then the very rule contended for by appellant in his third point would be applicable and effect given to the bequest, because the intention to vest the title in these devisees is perfectly plain. He unequivocally set it up and then asserts it is his intention to convey the property to them by deed. Of two constructions, one of which will defeat and the other give effect to a will, or a bequest clearly intended to be made at the time the will is executed the one that gives effect thereto will be adopted. The actual provision, however, is that failure to make, place and leave the deed is a revocation of the devise. The revocation is made to depend upon either an act of omission or commission in the future, the failure to make the deed, or the removal of it if made. Both are ineffective for such purpose.

We have examined the many authorities cited by the appellant and we consider them not in point and deem it unnecessary to make any reference to them, other than Ainsworth v. Briggs, 49 Tex.Civ.App. 344, 108 S.W. 753, which is strongly relied upon. We think a reading of that case will disclose also that it is not on and decisive of the point here under consideration.

It follows as a matter of course in our opinion the judgment of the trial court is correct and is affirmed.