J. R. RAGLAND, ANCILLARY ADMINISTRATOR V. JOHN WAGENER

No. A-83.  Decided May 17, 1944.
Rehearing overruled June 14, 1944.
(180 S. W., 2d Series, 435)

*B. D. Kimbrough,* of McAllen,and *Black, Graves & Stayton,* of Austin, for petitioners.

It was error for the Court of Civil Appeals to hold that that portion of paragraph 8 of the will, which bequeathed the land in question to plaintiff conditionally, shall be annulled and that the land should pass to plaintiff and his wife absolutely and unconditionally. Federal Land Bank v. Little, 130 Texas 173, 107 S. W. (2d) 374; Darragh v. Barmore, 242 S. W. 714; Mc-Mullen v. Sims, 37 S. W. (2d) 141, Calvery v. Calvery, 122 Texas 204, 55 S. W. (2d) 527.

*Hill & Franki* and *Vernon D. Hill,* all of Mission, for respondent.

Under the will the devise to John Wagener and his wife is absolute and unconditional. The language which was deleted by the lowers courts is merely an express reservation of the right to revoke in a manner not sanctioned by the laws of Texas by either failing to make out the deed as provided for or by destroying same after it was made out. Such acts or omissions are illegal because it does not comply with the methods of Article 8285, for revoking a will, and said acts were not proven to have been omitted or performed with the intention to revoke the will, and such intention must be proven. Thompson on Wills (2d Ed.) p. 200; 68 C. J. p. 640; Atwood v. Rhode Island Hos. Tr. Co. 275 Fed. 513, 24 A. L. R. 156.

MR. JUDGE FOLLEY of the Commission of Appeals delivered the opinion for the Court.

This suit was originally instituted in the probate court of Hidalgo County by the respondent, John Wagener, against the petitioner, J. R. Ragland, ancillary administrator of the estate of Lawrence G. Adams, deceased, to annul a portion of a provision of the will of the decedent. Respondents recovered judgment in the probate court and also in the district court upon appeal from the probate court. The Court of Civil Appeals affirmed the judgment of the district court, 179 S. W. (2d) 380.

The deceased, Lawrence G. Adams, was a resident of Canadian County, Oklahoma, and died testate in July 1941, leaving a considerable estate of both personal and real property. His will dated January 28, 1939, was duly admitted to probate in Canadian County, Oklahoma, in September, 1941. In an ancillary proceeding the will was also admitted to probate in Hidalgo County, Texas, in January, 1942, and petitioner is the ancillary administrator with the will annexed. All of the property of the deceased was situated in the State of Oklahoma except a citrus grove of 14.95 acres in Hidalgo County, Texas. This land is embraced in the eighth provision of the testator's will, the latter portion of such provision being under attack in this suit. The eighth clause as a whole, omitting the particular description of the land, is as follows:

"Eighth: I will, devise and bequeath to John Wagener and * * * Wagener, his wife, of Mission, Texas, all of the following real property situated in County of Hidalgo, State of Texas, to-wit: (here follows a particular description of the land), to have hold and enjoy the same as joint tenants, and upon the death of either, the title shall vest in the survivor. It is my intention to execute a deed, conveying the above described property to said devisees and deposit the same with this will in my private box. In the event of my failure so to do, or if said deed is not found with this will, then such devise shall stand revoked, and the property herein described shall become a part of my residuary estate and pass to my residuary legatee."

The deed mentioned in the above provision was not found with the will nor was the deed shown to have been executed by the testator. Under other terms of the will the residue of the estate vested in the city of El Reno, Oklahoma for public park purposes. Mrs. Wagener, joint beneficiary with her husband, died intestate in February, 1941.

The respondent did not seek to annul the first portion of the above provision of the will. In his pleadings he attacked only the last portion thereof beginning with the words, "It is my intention to execute a deed, * * *," and continuing to the end of the quotation. The judgments of the probate court and the district court annulled only the portion of the provision specifically attacked, decreed that the same should have no force and effect, and ordered that the other portions of the will should be undisturbed and should remain in full force and effect. The affirmance in the Court of Civil Appeals consequently results not only in the deletion and annulment of the last portion of the above provision but orders undisturbed and renders valid the first portion thereof which, standing alone, obviously constitutes an unqualified devise.

The grounds set up by respondent for the annulment of that portion of the provision attacked were: (1) That the testator attempted to reserve to himself the right to revoke a clear and unambiguous devise in a manner not authorized by law; (2) that he attempted to incorporate in his will a deed not then in existence; and (3) that if the portion attacked were given effect such action would deprive respondent of his right to the land under the remainder of the provision despite the fact that the devise therein is absolute on its face and stands alone as effective without explanation, interpretation or construction from any other source.

The petitioner challenged the jurisdiction of all three courts below on the ground that the application to annul necessitated judicial construction of the provision involved, asserting that only the district court possessed original jurisdiction of a proceeding to construe the provisions of a will. The Court of Civil Appeals overruled this contention and we think such action was without error.

This is a proceeding under the provisions of articles 3433, 3434, and 3435, Vernon's Ann. Civ. St. Article 3433 provides that when a will has been probated its provisions and directions shall be specifically executed unless annulled or suspended by order of the court probating the same in a proceeding instituted for that purpose by some person interested in the estate. It further provides that such proceeding shall be by application in writing, filed with the clerk of the court, setting forth the objectionable provisions and directions in the will and the grounds for the objections. Article 3434 provides that upon the filing of such application the clerk shall issue a citation for the executor or administrator stating the substance of the applica-

tion and directing the executor or administrator to refrain from executing the provisions and directions in the will objected to until such application has been heard and decided by the court. Article 3435 provides that if it appears upon hearing of the application that no material injury to the interests of the applicant will be occasioned by executing the provisions and directions of the will, and that such provisions and directions are legal, the objections shall be overruled, and the provisions and directions objected to shall be confirmed and executed, and an order to that effect entered on the minutes; otherwise, an order shall be entered annulling the provisions and directions in the will to which objections are sustained.

■ Under the above statutes the probate court, for sufficient reasons, has jurisdiction and authority to annul any or all of the provisions of a duly probated will. 69 C.J. 860, Sec. 1978; Prather v. McClelland, 76 Texas 574, 13 S. W. 543; Allardyce v. Hambleton, 96 Texas 30, 70 S. W. 76; Brooker v. Brooker, 130 Texas 27, 106 S. W. 2nd 247; Hilgers v. Hilgers, 159 S. W. 851, writ refused; Thornton v. McReynolds, 156 S. W. 1144, writ refused; Carroll v. Hunt, 168 S. W. 2nd 238; Messer v. Carnes, 71 S. W. 2nd 580. Having such power it necessarily follows that as incident thereto such court would also have the authority to construe such provisions of the will as may be necessary in the proper determination of the question of annulment. For the Legislature to confer upon the probate court the authority to annul the provisions of a will and, as incident and material thereto, to deny it the authority to construe the provisions under attack, would result in a vain attempt to bestow jurisdiction and a useless attempt to exercise it. Although the probate court has not that general equitable power to construe wills as is possessed by the district court, where matters arise in the probate court in connection with the orderly administration of an estate which incidentally require the construction of a will or a provision thereof, the probate court most surredly posses such incidental authority of testamentary construction as may be necessary in the proper determination of the other matters in controversy pertinent to the administration of the estate. Maibaum v. Union Trust Co., 291 S. W., 924, writ refused.

The Court of Civil Appeals held that the devise contained in the first portion of the eighth provision was absolute and unconditional and did not depend "upon the making, placing and finding of the deed." It further held that the subsequent language under attack was ineffective because it was merely an expressed reservation of the right to revoke the will and was contrary to

the provisions of Article 8285, Vernon's Ann. Civ. St., which precludes any method of revocation except by a subsequent will, codicil or declaration in writing executed under the formalities prescribed by law, or by the testator destroying, canceling or obliterating the will or causing it to be done in his presence.

The petitioner contends that a proper construction of the provisions of the will as a whole constitutes that portion of it under attack a condition precedent, which, being unfulfilled, defeats the devise. He also assigns as error the holding that the eighth provision of the will constituted an absolute and unconditional devise of the land.

■ We agree with the Court of Civil Appeals that the testator could not reserve for himself a right to revoke his will contrary to the provisions of Article 8285, but we do not agree that the first portion of the provision constitutes an absolute and unconditional devise unaffected by the subsequent language. It is our opinion that the entire eighth provision is so interrelated that it must be read and construed as a whole and that if the first portion thereof is to have any effect whatever its efficacy must be viewed in the light of the remainder of the provision. The provision as a whole must stand or fall as a unit. As thus interpreted we think the testator unquestionably intended for the devise to be conditional.

■ We are further of the opinion it was not intended under the above statutory provisions that the probate court might strike down an objectionable portion of a unified provision of a will and leave the remainder an absolute devise unaffected by the portion annulled. The statutes in question provide that a person interested in the estate may seek to annul the "provisions and directions" of the will, but they do not provide for the annulment of mere isolated portions of such "provisions and directions" without regard to the effect it will have upon that which remains. It was not contemplated that under these statutes a contestant might seek out as a subject of attack a certain portion of a provision or devise as being objectionable to him, such as a sentence, a clause, a phrase or a word, and, after thus isolating the same, have it declared void so as to render the remainder valid and enforceable which otherwise as a part of the whole is invalid. Such a practice would defeat the manifest intent and general scheme of the testator and would result in the court and not the testator making the will. 69 C. J. 115, Sec. 1159; Walker v. Irby, 238 S. W. 884; Anderson v. Menefee, 174 S. W. 905, writ refused; Jackson v. Templin, 66 S. W. 2nd 666, 92 A. L. R. 873. Such a practice was not authoried by the statutes in ques-

tion and the procedure in this respect was not warranted. We therefore hold that it was error to annul the portion of the provision attacked and at the same time decree the remainder valid and enforceable.

■ In view of further proceedings in connection with the will we deem it advisable to express our views upon another matter fundamental to the eighth provision. The devise as a whole is made dependent upon the testator's executing the deed and placing the same with the will in his private box. This was not an act the testator might or might not do at his own volition. Whether he did so hinged upon the state of his mind in the future. There was something remaining for him to do to complete the devise which was conditioned, not upon the happening of an independent contingency or the fulfillment of a condition, but upon the mental attitude of the testator to be thereafter formulated by him. To be effective as a will the testator must not depend upon some further voluntary act of his own to complete it, and the instrument must appear so final as to have left no part of the testator's intention unexpressed. 68 C. J. 638, Sec. 264. At the time the testator executes the instrument he must have his mind made up as to the final disposition of this estate. He cannot by his will prospectively create for himself a power to dispose of his property by a later instrument not duly executed under the formalities and solemnities required of a will or codicil. Johnson v. Ball, 5 DeG. & S. 85, 64 Eng. Reprint 1029; Rochelle v. Rochelle, 10 Leigh (37 Va.) 125; Atwood v. Rhode Island Hospital Trust Co., 275 Fed. 513, 24 A. L. R. 156; Murry v. Murry, 6 Watts (Pa.) 353; Heidenheimer v. Bauman, 84 Texas 174, 19 S. W. 382, 31 Am. St. Ret. 29; Brooker v. Brooker, 130 Texas 27, 106 S. W. 2nd 247.

The judgments of the Court of Civil Appeals and the district court are both reversed and the cause is remanded to the district court for further proceedings not inconsistent herewith with instructions that the opinion and judgment of this court also be certified to the probate court for observance.

Opinion adopted by the Supreme Court May 17, 1944.

Rehearing overruled June 14, 1944.