## MAIBAUM et al. v. UNION TRUST CO. et al. (No. 7682.)*

(Court of Civil Appeals of Texas. San Antonio. Feb. 2, 1927. Rehearing Denied March 2, 1927.)

**1. Courts ⏤201—Probate court may construe will necessarily and properly before it in administration of estate.**

Probate court has power to construe will, which did not withdraw estate from administration of such court and was necessarily and properly before it in administration of estate, regardless of whether it had separate power and general jurisdiction to construe wills.

**2. Appeal and error ⏤1082(1)—Where no claim was made in probate court as to lack of jurisdiction to construe will case held to be before appellate court on all issues on appeal from district court.**

Where no claim was made in probate court as to lack of jurisdiction to construe will, case *held* to be before appellate court on all issues on appeal from district court, jurisdiction of which was invoked by appeal from probate court which tried case de novo, as against contention that appeal to district court invested it with no power to construe will, since probate court had none.

**3. Wills ⏤440—Court must look to will for intent of testatrix.**

Court must look to will for full thought, ideas, and intent of testatrix concerning disposition of estate.

**4. Executors and administrators ⏤326—Money bequests are ordinarily paid out of money belonging to estate, if possible, without selling real property.**

Ordinary rule is to require payment of money bequests to come out of money belonging to estate, if that can be done, before selling real property for that purpose.

**5. Executors and administrators ⏤326—Bequest "last but not least," in trust for brother, held payable out of lands, if personalty proved inadequate.**

Bequest "last but not least," in trust for brother, *held* to be satisfied out of realty, if personalty proved to be inadequate, notwithstanding lack of specific provision making bequest charge on lands.

**6. Wills ⏤466—"Legatee" may be used to designate either devisee of personal property or lands.**

"Legatee," as used in will, may be defined as a devisee of personal property, though it is sometimes used to embrace devisee of land.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Legatee.]

**7. Wills ⏤466—"Devise" ordinarily denotes gift of land, but testator's intent to use it in different sense will be given effect.**

"Devise" in will ordinarily denotes gift of land, but, if context shows its use in different sense, that sense or intent of testator in disposition of property will be given effect.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Devise.]

**8. Executors and administrators ⏤288—Where will did not designate property to go to each beneficiary, discretion as to manner of carrying out testatrix's intent held to be in executors.**

Where will does not mention specific property that each beneficiary was to receive, and property was incapable of separation, and manner of carrying out intent of testatrix was not by her directed, that discretion was forced on executors who were trustees.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

In the matter of the estate of Mathilde Hermann Jackson, deceased. Application of Paul Hermann to close the estate and by J. C. Meredith and another as executors to construe the will and sell certain real estate. The Union Trust Company filed an answer to the application of Paul Hermann and prayed that the executors be ordered to sell the real estate. Charles Maibaum and others resisted this application, and filed an answer to the petition and application of the executors. The causes were consolidated, and an appeal was taken to the district court from the decision of the probate court. From the judgment, Charles Maibaum and others appeal. Affirmed.

Terrell, Davis, Huff & McMillan, Dilworth & Marshall, and Ben P. Lane, all of San Antonio, for appellants.

Ingrum, Smith & Gulley and Cunningham, Moursund & Johnson, all of San Antonio, for appellees.

COBBS, J. Mathilde Hermann Jackson died on May 7, 1914, in the city and county of San Francisco, Cal., where her residence and the major portion of her estate were situated. The estate left by deceased in the state of California consisted of both real and personal property, while the estate in Texas consisted of one valuable piece of improved real estate, situated in the city of San Antonio, Bexar county.

The will of the deceased named the Union Trust Company, a corporation, of San Francisco, Cal., as executor of the estate situated in California, and named J. C. Meredith and A. A. Gray, of San Antonio, Bexar county, Tex., as executors of the Texas estate.

The will of the deceased was duly probated by order of the superior court of the state of California, in and for the county of San Francisco, on June 2, 1914, and the Union Trust Company duly qualified as executor of the said estate in California.

Upon exemplification from the California court containing a certified copy of said will, with the codicils and the order of probate, the will was duly admitted to probate on July

⏤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused April 27, 1927.

7, 1914, in the county court of Bexar county, Tex., and the Texas executors, Meredith and Gray, duly qualified by taking the oath and giving the bond required by the will. The Union Trust Company did not qualify in Texas.

The will of the deceased is lengthy, and contains numerous bequests and devises, but, after the usual provision as to payment of debts of the deceased, the first paragraph is as follows:

"Heirs that are to share & share alike—1st. I give & bequeath to the following heirs to share and share alike of my holdings of Real Estate and money—My sister, Pauline H. Melas, Helen Hermann Maibaum, Paul Hermann, Emma R. Hermann, Edith M. Montez, Lena M. Montez, Annie M. Lombard, Charles Maibaum, Helen Mainbaum Brinkhoff, all these named shall partake in the property of Texas and California."

Following this were numerous bequests of small amounts of money and personal property aggregating approximately $4,500. The will further bequeathed, in trust, to the Union Trust Company of California, as trustee, $5,-000 for the use and benefit of Gregorio N. Hermann, a brother of the deceased, with the provision that he should receive only the revenues from such bequest, and the Union Trust Company of California was named trustee to carry out such trust, and was directed to make monthly payments to said legatee in trust.

The will further provided that all money loaned out at interest, and secured by mortgages, should go to the Hospital of the University of California, situated at Berkeley, Cal., for health research work.

On September 25, 1918, four years after probate of will, Paul Hermann, one of the devisees under the will of Mathilde Hermann Jackson, deceased, filed an application in the county court of Bexar county, Tex., sitting in probate, to close said estate, alleging that he was one of the beneficiaries under the last will of said Mathilde H. Jackson, alleging that executors of said estate were in possession of certain cash and real estate belonging to said estate; and alleging that said estate owned a large amount of property in the state of California, and said will had been already probated in the superior court of California, in and for the city and county of San Francisco, and that, by the terms of said will, the Union Trust Company of California was appointed executor of estate and property belonging to said estate in California, and the Union Trust Company duly qualified as executor and had collected a large sum of money and held real property belonging to said estate in California.

On the 13th day of May, 1920, J. C. Meredith and A. A. Gray, as executors of said estate in Texas, filed an application seeking a construction of the will and to sell certain real estate to pay legacies and distribute proceeds, and alleged that the real estate of decedent in Bexar county, Tex., was charged with the payment of the legacies named in the will, praying that all interested parties be cited and that the real estate belonging to said estate in Bexar county be sold. Said application alleged that there were unpaid legacies as set out in the will of decedent, and that it was necessary to sell said real estate to pay said legacies.

The Union Trust Company of San Francisco, on the 28th day of October, 1918, filed an answer to the application of Paul Hermann to close the estate, and afterwards filed an amended answer to said application, wherein said Union Trust Company alleged that the property in California was insufficient to pay the cost of the California administration and the legacies named in the will of decedent, and prayed that the Texas estate be not closed until all legacies in money are paid in full, and that said Bexar county real estate was charged in the will with the payment of said money legacies, and that the county court should so construe said will, and that said real estate should be sold for the purpose of deriving sufficient funds for the payment of charges and certain money legacies. It prayed that the application of Paul Hermann for closing the estate be denied and that the Bexar county probate court make an order directing J. C. Meredith and A. A. Gray as executors of the last will of said decedent in the state of Texas to sell said Bexar county real estate, in order to secure money to pay such legacies and bequests contained in the will of decedent, and to further authorize and direct said executors to turn over to said Union Trust Company of San Francisco, as executor of the estate of Mathilde H. Jackson, deceased, sufficient proceeds of said sale and of money on hand as may be needed for administration of said estate in the state of California, and to pay off in full all money legacies including interest thereon from date of death of testatrix and other charges against the estate, and, in alternative, should the court decline to order the transfer of such funds, then the court should decline to close this estate, at least until the California estate is fully administered and it can be ascertained what portion of such legacies remain unpaid, and that the court then ordered such balance paid out of this estate, either to legatees or said California executor; or further, in the alternative, if the court should decline to keep the estate open for said time, that this court order said executors, as soon as funds are available, to pay Union Trust Company in its capacity as trustee for Gregorio N. Hermann the sum of $5,000 with interest.

Paul Hermann, Charles Maibaum, Helen H. Maibaum, and Annie M. Maibaum duly resisted this application and filed an answer to the petition and application of the executors, wherein they demurred to said application,

and alleged there were no debts against said estate in the state of Texas except possibly certain attorney's fees for representing said executors, and that there were more than sufficient funds to pay said attorney's fees, if any were due, and alleged that the real estate situated in Bexar county, described in said application by executors, was not chargeable with payment of legacies and bequests provided for in the will, and denied that said executors were authorized by law to transfer said Texas estate, and alleged there was no necessity for further administering upon said estate in Texas, and the real estate belonging to said estate situated in Texas ought to be turned over to said nine heirs mentioned in said will to whom said real estate was devised, as tenants in common.

Mrs. Caroline Wiegand filed an application that her legacy be paid. The appeal of Mrs. Caroline Wiegand was dismissed, and thereafter the causes were consolidated on motion of the Union Trust Company. Thereafter said Union Trust Company filed its so-called second amended original answer in which it prayed for substantially the same affirmative relief in said district court for which it had prayed in its first amended original answer in the probate court.

Thereafter respondents Charles Maibaum et al. filed their first amended pleas in abatement in response to the application of J. C. Meredith and A. A. Gray, Texas executors of decedent, to sell real estate of decedent, and to the so-called answer of the Union Trust Company which sought to charge the Bexar county real estate of decedent with the payment of certain money legacies and the transmission of certain funds, from the Texas estate of decedent. Thereafter respondents, Charles Maibaum et al. filed their first amended answer to said application of said Texas executors and said pleading of said Union Trust Company.

Thereafter respondents Pauline Melas, Edith Knott, and Lena Montez filed their original answer in response to the matters and things by Paul Hermann and in response to pleadings for affirmative relief by Texas executors and of the Union Trust Company as California executor of said estate.

Thereafter the Union Trust Company filed an answer to the first amended pleas in abatement of Charles Maibaum et al. Thereafter Union Trust Company filed its answer to the first amended original answer of Charles Maibaum et al.

The trial court's conclusions of law are as follows:

"(1) I conclude that under the will of Mathilde Hermann Jackson, deceased, the pecuniary legacies are chargeable against and payable out of real estate.

"(2) I further conclude that the application to close the Texas estate, made by Paul Hermann and joined in by others, should be denied, as it appears that the estate has not been fully administered, the pecuniary legacies being unpaid, and the Union Trust Company as legatee in trust for Gregorio Hermann having opposed said application and demanded payment of such legacy.

"(3) I further conclude that the sale of real estate to pay legacies is authorized by law, and shown to be necessary under the facts proven, and that therefore the application of the Texas executors for the sale of real estate for that purpose should be granted."

There are various motions to dismiss the appeal and for us not to consider the briefs, but from our view these are technical questions which are not of real merit and do not affect our jurisdiction; and, as it is in our power to consider the material questions of law that arise, we overrule the motions and will consider the case as presented here, since, as both parties concede, the real question involves the construction of the will.

The material parts of the will, that require consideration, are partly set out in appellants' brief as follows:

"First I commend my soul to God who gave it, and desire that my body be creamated and the ashes to be cast into the ocean or to the four winds on the place near house of my birth. With respect to my worldly estate I give, devise and bequeath and dispose of it in the following manner, after all my just and lawful debts are paid. Heirs that are to share & share alike.

"1st. I give & bequeath to the following heirs to share and share alike of my holdings of Real Estate and money—My sister, Pauline H. Melas—Helen Hermann Maibaum, Paul Hermann, Emma R. Hermann, Edith M. Montez, Lena M. Montez, Annie M. Lombard, Charles Maibaum, Helen Maibaum Brinkhoff, all these named shall partake in the property of Texas and California."

Second 2 of the will makes numerous general money bequests, of which the following is typical as to wording:

"I give and bequeath to Clifford Montez, the sum of one hundred dollars—$100.00."

The will further provides:

"I give and bequeath to Hospital of the University of California, situated at Berkeley—all money that I have out on interest & which is secured by mortgages—"

The will further makes a bequest in trust for Gregorio Hermann as follows:

"Last but not least—I give & bequeath to my brother Gregorio N. Hermann, the sum of five thousand ($5,000.00) Dollars, in trust to be let out at the rate of interest of 6 or 7 % or not less than 5% at the least—The trustee shall pay to my brother G–N–H– the interest every month regularly as possible—"

The will specifically bequeaths numerous articles of personal property, such as books, jewelry, etc., to numerous legatees. A letter addressed to Mrs. F. Hartell probated as a codicil to the will contains the following language:

"I had willed and bequeathed you in one of my wills $500.00 five hundred dollars, but when I made a new will I overlooked to repeat the request—I want you to have that, I want you to inform the U. T. Co. of the fact—I consider this message Sufficient proof for your claim. God bless you."

The will further appointed the Union Trust Company, of San Francisco, Cal., as executor of the estate in California, and A. A. Gray and J. C. Meredith, executors of the estate in Texas, and bond is required in case of the Texas executors. No power of sale is given to either executor in the will.

[1] The main contention of appellants seems to be that the probate court construed the will, which was beyond its power and jurisdiction to do, but no question was raised there as to the jurisdiction of the court to pass generally upon other matters incidentally involved in the administration, that were necessarily before the court.

On September 25, 1918, Paul Hermann, one of the devisees under the will, filed his application in this proceeding to close said estate. On the 13th of May, 1920, J. C. Meredith and A. A. Gray, the Texas executors, filed an application to sell certain real estate to pay legacies and to distribute the proceeds. The jurisdiction of the probate court is fixed by statute; we therefore have no question but that the probate court had all necessary jurisdiction to pass upon all the issues presented and arising in the case, and, having determined the question in favor of that court's jurisdiction of all matters before it, that ruling will not be disturbed. Indeed, no one has assailed that ruling and holding. An appeal was taken to the district court, and no question there raised, presented, or urged that challenged the jurisdiction of the probate court, except only as to the rulings of the court in respect to its power to construe wills. It makes no difference whether the probate court had or did not have the separate power and general jurisdiction to construe wills, it does have the power to construe wills necessarily and properly before it in the administration of estates. So having jurisdiction of the estate to be administered, it had the corresponding power and jurisdiction to the ultimate disposition and settlement of the estate.

Hence, for the sole purpose of construing wills, the probate court, being a court of limited jurisdiction, has not that independent general jurisdiction of the subject outside of its administration of an estate before the court. Where the whole matter of administering an estate, with the will annexed is properly before the court, any question of jurisdiction that incidentally arises that the judicial mind of the court is required to pass on, that court has the power, and it is its duty to dispose of. Having jurisdiction to pass upon matters in controversy, to settle and to ultimately dispose of them for any one purpose, it then has the jurisdiction to pass upon all the necessary questions involved. The will does not withdraw the estate from the administration of the probate court, such as an independent will does.

In order to understand the questions of law raised, we copy that part of the will as set out in appellants' brief, as follows:

"With respect to my worldly estate I give, devise and bequeath and dispose of it in the following manner, after all my just and lawful debts are paid. Heirs that are to share & share alike.

"1st. I give & bequeath to the following heirs to share and share alike of my holdings of Real Estate and money—"

[2] The first contention of appellants is that, because the probate court had no power and jurisdiction to construe wills, an appeal to the district court invested it with none. This proposition is not germane to the issue raised; the probate court having jurisdiction of the estate and of the matters sought to be settled, it had full jurisdiction for all other proper matters coming before it for its adjudication, and it made no difference that a proper construction of the language of the will was necessary or not. The jurisdiction of the district court was invoked by the appeal, and it was required to try the cause de novo. No one raised any issue as to that question in the probate court, and the case is therefore before us for all purposes.

[3] We must look to this will for the full thought, ideas, and intent of the testatrix concerning the disposition of her estate. The first item after disposing of her body, testatrix said:

"With respect to my worldly estate I give, devise and bequeath and dispose of it in the following manner, after all my just and lawful debts are paid. Heirs that are to share & share alike. 1st. I give & Bequeath to the following heirs to share and share alike of my holdings of Real Estate and money."

Then closed with the words, "all these names shall partake in the property of Texas and California."

In some respects the provisions of the will in regard to legacies and bequests is like unto the matter discussed in Moerlein v. Heyer, 100 Tex. 245, 97 S. W. 1040. In that case the court says:

"There is an entire absence of an affirmative expression of the idea of precedence or priority in favor of legatees over the devisees of the realty which was present in the classes of wills above referred to and asserted to be analogous to this."

[4, 5] The ordinary rule is to require the payment of money bequests to come out of the money belonging to the estate, if that can be done, before selling real property for that purpose. It is true the will contains express provisions subjecting the real estate to general pecuniary legacies, but it does inferentially

give legacies to certain named heirs, in the following named language, to wit: "Share and share alike of my holdings of real estate and money," and that they shall partake in the property of "Texas and California." Gregorio N. Hermann, while not named in that class, is given $5,000. This sum must come out of the corpus of the estate. But, being a general devise of money to be held in trust by the named trustee, it was contemplated to be produced by the trustee and held by him for Gregorio N. Hermann out of property of the estate. There is nothing in the will to show that any part of the real estate was or was not to be sold to raise money for the legacies. The language used in making this bequest is to this effect, "last but not least," clearly indicating that she was thinking of making a provision for Gregorio N. Hermann primarily, first, and above all others. It was in her mind to give this sum from her estate, and, inferentially, if it took the sale of real estate to produce it, then first and above all he must have it to carry out the trust made to her brother in the trust company's keeping. There is nothing in the will against this construction, but inferentially that is what it means.

[6] There is nothing in the will to indicate out of what properties the legacies are to be paid, except that the nine named heirs were to "partake in the property of Texas and California," whether personal, real, or mixed, for that was the kind of property she possessed. A legatee, as used in a will, may be defined to be a devisee of personal property, and sometimes used to embrace a devisee of lands.

[7] The term "devise" in a will is ordinarily used to denote a gift of land, but, if the context shows its use in a different sense, then that sense or intent of the testator in the disposition of the property will be given effect.

[8] As the will did not mention the specific property that each was to receive, except the hospital, and, if the property was such as to be incapable of separation and the manner of carrying out the purpose and intent of the testatrix was not by her directed, then that discretion was forced upon her executors, who were trustees.

While it is true there is no language in the will that directly makes the legacies a charge on the land, yet it does require their satisfaction out of the property both in Texas and California. Construing that will in the light of its own words, how can those legacies be satisfied if there is not enough personal property and money to do so, unless it be out of the personal and other property in California, including also all real estate which will be required to be subjected to a sale for that purpose. This, however, is a matter for the county (probate) court to determine after an accounting and hearing.

For the purpose of making some corrections and slight changes, we have withdrawn our former opinion and substitute this therefor.

Finding no reversible errors assigned that call for a reversal, the judgment is affirmed.