No error being found in the record, the judgment is affirmed.

Esteban **RODRIGUEZ** et al., Appellants,

v.

Valentin **RODRIGUEZ** et al., Appellees.

No. 12713.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 10, 1954.

Rehearing Denied Dec. 8, 1954.

Jerry D'Unger, Corpus Christi, for appellants.

Pichinson & Utter, Ted Anderson, Corpus Christi, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Esteban Rodriguez, Terecita Rodriguez Orta and husband, Celestino Orta, and Angel Rodriguez, against Valentin Rodriguez, Sabina

R. Garcia, Angelita R. Cantu, Irineo Gonzales, Tomas Gonzales and Lilly T. Gonzales, individually and as next friend for Barbarito Gonzales and Arturo Gonzales, minors, in the District Court of Nueces County, Texas, as Cause No. 48092–D, seeking to set aside two former judgments of that court, one in Cause No. 36386–C and the other in Cause No. 43216–D. All three of these causes concern Lots Nos. 2, 3 and 4 of Block 45, of the Bluff Portion of the City of Corpus Christi, Nueces County, and are between the same parties or their heirs. The trial judge granted a summary judgment denying plaintiffs any relief, and they have appealed.

Appellants' contention here is that the judgment in Cause No. 36386–C was void, the trial court being without jurisdiction, and that the judgment in Cause No. 43216–D was based upon the void judgment in Cause No. 36386–C, and therefore appellants are entitled to have both of these judgments set aside.

The facts are as follows: On July 19th, 1946, appellants filed suit No. 33966–C, seeking a partition of Lots 2, 3 and 4 of said Block 45, and in that suit contended that they owned Lots 2 and 3 as devisees in the will of Valentin R. Rodriguez, dated December 24, 1908, and probated in the County Court of Nueces County on January 14, 1909. The defendants in that case, who are the appellees here, or their privies, asked that Cause No. 33966–C be abated until they could seek a judgment in the County Court, setting aside the probate of the will of Valentin R. Rodriguez upon the grounds of forgery and fraud, alleging that they had just discovered the forgery and the fraud. It is not clear whether or not the trial court abated the suit, but in any event the case was held up until appellees had filed a suit to set aside the probate of the will and had a hearing thereon in the County Court. The County Court refused to set aside the probate of the will and appellees appealed to the District Court. That appeal was filed in the District Court as Cause No. 36386–C. By agreement of the parties, Cause No. 36386–C and Cause No. 33966–C were consolidated and tried as

one cause, and judgment rendered under Cause No. 36386–C partitioning said Lots 2, 3 and 4, but denying appellants an interest in Lots 2 and 3 as devisees in the will of Valentin R. Rodriguez. They were allowed only a child's interest as heirs of Valentin R. Rodriguez, along with the other children and heirs of Valentin R. Rodriguez and his now deceased wife, Sabina G. de Rodriguez. No appeal was taken from that judgment.

Appellants thereafter instituted Cause No. 43216–D, between the same parties or their heirs and involving the same subject matter, which resulted in a declaratory judgment dated January 17, 1951, refusing appellants any relief. No appeal was taken from that judgment. Thereafter the present suit, Cause No. 48092–D, was instituted, involving the same subject matter and the same parties or their privies, which resulted in appellants again being denied any relief, from which judgment the present appeal has been prosecuted.

The question here to be decided is: Was the judgment in Cause No. 36386–C void for want of jurisdiction in the court that rendered the judgment.

This alleged want of jurisdiction is based upon the contention that when appellants filed Cause No. 33966–C in the District Court of Nueces County, that court acquired complete jurisdiction as to the title of said Lots Nos. 2, 3 and 4, to the exclusion of the County Court of Nueces County, and therefore the County Court was without jurisdiction to hear appellees' suit to set aside the probate of the alleged will of Valentin R. Rodriguez, theretofore had in the year 1909, and being without such jurisdiction the attempted appeal from the judgment to the District Court was void, and the District Court acquired no jurisdiction by reason of such appeal and was therefore without jurisdiction to render judgment in the consolidated causes.

Appellants' points are as follows:

*"Point One*

"The District Court has jurisdiction of suit to partition properties belonging

78

to an estate when there is no administration of the said estate pending or there is shown that there is no necessity for such administration.

"*Point Two*

"The District Court having taken jurisdiction of a suit for partition also has jurisdiction to hear and adjudicate any questions affecting the rights of the parties where such adjudication is necessary to the partition.

"*Point Three*

"A County Court sitting in probate is without jurisdiction to hear and adjudicate a matter of which a District Court has already taken jurisdiction and the District Court upon trial de novo has no greater jurisdiction than the County Court."

We do not disagree with the rules of law stated in these points, as general rules, but the question is whether these rules apply to the facts of this case, or whether we here have an exception to these general rules.

■ We conclude that these general rules do not apply to the facts in this case. When appellees undertook to assert their interest in Lots Nos. 2 and 3 they were confronted with what they contended was a forged will, allegedly fraudulently probated many years theretofore, but of which they had no knowledge. The District Court would have no jurisdiction to pass upon whether the probate of this will should be set aside. The probate of the will could be set aside only in the court where such action had been taken. Messer v. Carnes, Tex.Civ.App., 71 S.W.2d 580; Minor v. Hall, Tex.Civ.App., 225 S.W. 784.

■ Both the Constitution of this State, Section 16, Article 5, Vernon's Ann.St., and the statutes of this State, Art. 3290, Vernon's Ann.Civ.Stats., give original jurisdiction in matters of probate to the County Court. Appellees would not have been heard to contend in the District Court that

the probate of the will should be set aside. Minor v. Hall, Tex.Civ.App., 225 S.W. 784; Franks v. Chapman, 60 Tex. 46; Buchanan v. Davis, Tex.Civ.App., 43 S.W.2d 279; White v. White, Tex.Civ.App., 149 S.W.2d 1031; Messer v. Carnes, Tex.Civ.App., 71 S.W.2d 580; Zamora v. Gonzalez, Tex.Civ. App., 128 S.W.2d 166; Becknal v. Becknal, Tex.Civ.App., 296 S.W. 917; Buchner v. Wait, Tex.Civ.App., 137 S.W. 383. The District Court having no jurisdiction in a partition suit to pass upon the question of whether the probate of a will should be set aside, appellees had a right to file a suit for that purpose in the County Court where the will had been probated, and such County Court had jurisdiction to pass upon such a suit. Whether the District Court would allow time for such an action was a matter addressed to its discretion. We are not here concerned whether the County Court properly decided the question before him. Jurisdiction of a cause carries with it the power to decide the case correctly or incorrectly. The fact that a court may decide a cause incorrectly does not take away the jurisdiction of the court to hear and determine the cause.

■ The fact that the suit was not brought in the County Court to set aside the probate of the will until more than four years after it had been admitted to probate does not show want of jurisdiction in the County Court. Art. 5535, Vernon's Ann. Civ.Stats., provides in effect that such a suit may be brought after four years under certain circumstances. Art. 5536, Vernon's Ann.Civ.Stats., provides as follows: "Any heir at law of the testator, or other person interested in his estate, may institute suit in the proper court to cancel a will for forgery or other fraud within four years after the discovery of such forgery or fraud, and not afterward."

The County Court having jurisdiction to hear appellees' suit to set aside the probate of the alleged will of Valentin R. Rodriguez, the District Court acquired jurisdiction of that matter when an appeal was taken by appellees to that court. We overrule appel-

lants' contention that the county court was without jurisdiction and that therefore the judgment of the district court in Cause No. 36386–C was void for want of jurisdiction.

The judgment of the trial court is affirmed.