Nannie May WYBRANTS, Appellant,

v.

Frona LEHMAN, Executrix, Appellee.

No. 3199.

Court of Civil Appeals of Texas.

Eastland.

Nov. 18, 1955.

Rehearing Denied Dec. 9, 1955.

V. K. Wedgworth, Mineral Wells, for appellant.

Creighton & Creighton, Mineral Wells, for appellee.

LONG, Justice.

Nannie May Wybrants filed this suit for the purpose of having the will of Nell Beeler, deceased, construed and propounded to the court the following questions:

"(A) Is the matter of payment of any amount, or of nothing at all, left solely to the arbitrary will or whim of said executrix, Frona Lehman?

"(B) If not, by what standards or conditions are payments to be made?

"Question 2. Did the testatrix intend that the expenses for the support maintenance of Nannie Wybrants, in their entirety, should be paid out of the estate of testatrix without any reference to any income or other thing or things of value that Nannie Wybrants might have in her own right?"

The court refused to answer said questions, sustained a plea in abatement and dismissed the case. Nannie May Wybrants has appealed.

The court filed findings of fact and conclusion of law as follows:

"*Findings of Fact:* 1. I find that Nell Beeler died testate in Palo Pinto County on or about the 19th day of January, 1953; that she left a will duly executed by her in which she named and appointed the defendant, Frona Lehman and Roy Creighton, executrix and executor, respectively, and trustees; that Roy Creighton one of the executors and trustees named in said will declined to qualify; that the defendant, Frona Lehman, qualified as executrix and is now the duly qualified and acting executrix of the will of the estate of the said Nell Beeler, deceased; that the Probate Court of Palo Pinto County, Texas, granted administration on the estate with will annexed that such administration is still pending, that the inventory discloses the estate to be of the value of $11,628.29.

"2. I find that it is provided in the will of said Nell Beeler that the executors and trustees named in the will

shall have full power and authority to expend such sums of money out of the income or the corpus of the estate as in their judgment may be necessary and proper *of* the maintenance, support and comfort of the plaintiff, Nannie Wybrants, a sister of the said Nell Beeler, so long as the said Nannie Wybrants shall live.

"3. I find that the giving of bond by the executors and trustees named in the will was not dispensed with.

"4. I find that no trustee has been appointed to succeed Roy Creighton, who refused to qualify and act as executor or trustee.

"5. I find that an order was entered in the Probate Court in the matter of the administration of the estate of Nell Beeler ordering and directing of Frona Lehman, the defendant, as executrix, to pay over to Nannie Wybrants, the plaintiff, the sum of $50.00 per month for her maintenance and support, and that the defendant in her capacity as executrix is now paying such amount to the plaintiff.

"6. I find that Frona Lehman qualified as executrix by taking the oath and giving the bond required of her in the Probate Court but has not qualified as a trustee under the will, no bond having been fixed by the District Judge in and for Palo Pinto County, Texas, and no application having been made therefor.

"7. I find that it is provided in the will of the said Nell Beeler, the executors and trustees are prohibited from selling any real property belonging to the estate for a period of ten years from the date of the death of the said Nell Beeler.

"*Conclusions of Law:* 1. I conclude that as a matter of law all of the questions propounded by the plaintiff in her petition are abstract questions of law.

"2. I conclude that as a matter of law if all of the questions propounded by the plaintiff in her petition were answered to the most favorable light to her no immediate relief would result to her.

"3. I conclude as a matter of law that no determination of the questions propounded in plaintiff's petition are necessary and would give any immediate relief to the plaintiff.

"4. I conclude that as a matter of law that the questions propounded in plaintiff's petition merely seek a declaration of future rights and are hypothetical and abstract questions of law.

"5. I conclude that as a matter of law that this court as a court of equity cannot afford any immediate relief to the plaintiff."

As shown by the findings of the court, the trustees named in the will have not complied with the provisions of Subdivision L of the Texas Trust Act, Article 7425b–25, Vernon's Revised Civil Statutes, by giving bond. The giving of a bond by the trustees is not dispensed with under the terms of the will. There are, therefore, no trustees at this time acting under the will. Answers to the questions propounded would not be binding upon any future trustees and would afford appellant no relief. The findings have support in the evidence. The court made a correct application of the law to the facts and we approve these conclusions. In the case of Cousins v. Cousins, Tex.Civ. App., 42 S.W.2d 1043 (Writ Ref.), the court said:

"A court of equity will not take jurisdiction of a suit for the construction of a will unless it can afford immediate relief. It will not undertake, where there is no matter in dispute, to declare future rights nor will it ever undertake to decide upon and determine contingencies which may never arise unless such determination is necessary for the decision of some immediate relief to be granted and which it can enforce by a decree. Such a suit may sometimes be entertained, however, where it is brought by an executor or a testamen-

tary trustee, although a like suit by other parties would be dismissed as premature. Inasmuch as a premature adjudication is not binding, the Court of its own motion will investigate the question whether the purpose of the suit is merely to obtain a declaration of future rights, even though all the parties desire to have the will construed. The jurisdiction of courts of equity in respect to testamentary construction will never be exercised for the purpose of determining hypothetical, abstract or moot questions." See also Davis v. First Nat. Bank of Waco, Tex. Civ.App., 145 S.W.2d 707.

Appellant introduced evidence over the objection of appellee relating to the amount that would be necessary to maintain appellant. This issue was not before the court. Appellant, by her pleadings, does not seek to have the trial court fix the amount that should be paid by the trustees for her support. The trial court did not err in sustaining the plea in abatement and dismissing the case.

The judgment is affirmed.