**Nannie May WYBRANTS, Appellant,**

v.

**Frona LEHMAN, Executrix, et al., Appellees.**

**No. 3345.**

Court of Civil Appeals of Texas.
Eastland.

Nov. 15, 1957.

Rehearing Denied Dec. 6, 1957.

V. K. Wedgworth, Mineral Wells, for appellant.

J. R. Creighton, Mineral Wells, for appellee.

GRISSOM, Chief Justice.

In 1954 Nannie May Wybrants sued Frona Lehman in the District Court of Palo Pinto County. She alleged that Nell Beeler died leaving a will in which Frona

Lehman and another were appointed trustees and executors; that the other person refused to act and Frona Lehman was the sole "trustee and executrix"; that the will was "filed" in the probate court of Palo Pinto County. She set out the provisions of said will which gave her trustees and executors power to manage and control said trust estate as in their judgment seemed best and out of the income or corpus "to expend such sums of money as in their judgment may be necessary and proper for the maintenance, support and comfort of my sister, Nannie May Wybrants, as long as she shall live". In that petition Nannie Wybrants alleged certain questions had arisen which required determination by the district court, to-wit, (1) whether the amount of the payment to plaintiff was left to the arbitrary will or whim of Frona Lehman and (2), if not, by what standards the payments were to be gauged, and (3) whether testatrix intended for plaintiff to be supported out of the Beeler estate without regard for Nannie Wybrants' income from other sources. Defendants' plea in abatement was sustained. The cause was dismissed. Nannie Wybrants appealed and said judgment of the district court was affirmed. See Wybrants v. Lehman, Tex.Civ.App., 284 S.W.2d 925. Appellant's petition for a writ of error was refused.

In 1957 Nannie Wybrants filed this suit in the same district court. She alleged that Nell Beeler, deceased, left an estate of the value of $11,628.29; that she left a will in which she named Frona Lehman and another as executors; that the other person refused to qualify; that said will was probated in 1953 and Frona Lehman qualified as executrix and Fidelity and Casualty Company executed a bond as her surety. She alleged the provisions of said will; that Frona Lehman, executrix, had filed her final report and asked to be discharged; that said suit was not a claim against the estate but "a claim to part of said estate", based upon the terms of said will, and that the probate court

had no jurisdiction to determine the issues involved; that plaintiff was to be supported and maintained in comfort for the remainder of her life out of said estate and that the sums spent were to be such as were in the judgment of said executrix necessary; that said executrix did not exercise her judgment but merely her "arbitrary whim". In this case plaintiff alleged that, in March, 1954, said executrix obtained an order of the probate court of Palo Pinto County to pay plaintiff $50 per month; that this was done without notice to plaintiff and without inquiry as to her needs. Plaintiff then alleged that $100 per month would be a reasonable amount to support plaintiff in comfort and that plaintiff was entitled to be paid said amount out of said estate; that at the time of the trial forty-nine months had elapsed and she was entitled to $100 per month from said estate, less the $50 per month which plaintiff had been paid under the order of the probate court, for which plaintiff sued.

The surety excepted to said second petition in the district court because no devastavit by the executrix was alleged and, therefore, it was insufficient to state a cause of action against the surety, and because no facts were alleged showing said estate had sustained any loss or there had been any mismanagement or neglect of duty that resulted in loss to the estate and for such reasons the petition stated no cause of action against the surety. Both defendants excepted because it appeared from plaintiff's petition that an administration on said estate was pending in the probate court and it had exclusive jurisdiction and the district court did not have jurisdiction. Both defendants further excepted because it appeared from said petition that said probate court, in the exercise of its jurisdiction in the administration of said estate, had theretofore entered an order directing said executrix to pay plaintiff $50 per month for her support and that same constituted a finding by the probate court that such sum was reasonable and adequate and, therefore, the district court did not

have original jurisdiction to change said order. Both defendants excepted because plaintiff's petition showed that she sought to recover a part of the estate, which estate was under the exclusive jurisdiction of the probate court, and the district court was without original jurisdiction over such estate while the administration was pending. Said exceptions and plea were sustained and, plaintiff having refused to amend, said cause was dismissed. Nannie Wybrants has appealed.

Appellant's one point of error is that the court erred in sustaining said exceptions and plea and in dismissing her suit "without a hearing before a jury". Appellant says her claim was for $2,650, which was above the jurisdiction of the county court and within the jurisdiction of the district court and that the amount of her claim depends upon a construction of said will and the probate court had no jurisdiction to construe it. Appellant says the debts have been paid and but one question remains, to-wit, how much of the estate is due to Nannie Wybrants for her support. She contends that this question can only be answered by a construction of the will and that the district court has original jurisdiction to determine the amount to which she is entitled for support. She says that the contention has been made that this suit is brought to nullify the order of the probate court directing payment of $50 per month for appellant's support, but that said order was a nullity because it substituted the judgment of the court for that of the executrix and was a construction of the will.

■ The county court has general jurisdiction to probate wills and transact the business of estates of deceased persons. Ordinarily, the jurisdiction of the district court with reference thereto is appellate only. The probate court obtained jurisdiction of decedent's estate when the administration was opened. Its jurisdiction will continue until the administration is closed

and the executrix discharged. 13 Tex.Jur. 604; O'Neil v. Norton, Tex.Com.App., 29 S.W.2d 1060, 1062. "Even though the probate court may not have the separate power and general jurisdiction to construe wills, it has authority to construe such wills as are necessarily and properly before it in the administration of estates." 13 Tex.Jur. 605. If the probate court had jurisdiction over the estate of Nell Beeler, deceased, and power to enter the order fixing the amount necessary for appellant's support, which it apparently did, such order was valid and conclusive of the amount until set aside by said court or by the district court on appeal. Hudgins v. Leggett, 84 Tex. 207, 19 S.W. 387, 388; Maibaum v. Union Trust Co., Tex.Civ.App., 291 S.W. 924 (Writ Ref.); Wells v. Gray, Tex.Civ.App., 241 S.W.2d 183 (Writ Ref.); Rodriguez v. Rodriguez, Tex.Civ.App., 273 S.W.2d 76 (Ref. n. r. e.); Zamora v. Gonzalez, Tex.Civ.App., 128 S.W.2d 166 (Writ Ref.); 15 Tex.Jur. 184; 14 Tex.Jur. 535. There was no appeal.

In Ragland v. Wagener, 142 Tex. 651, 180 S.W.2d 435, 437, 152 A.L.R. 1232, our Supreme Court said:

"Although the probate court has not that general equitable power to construe wills as is possessed by the district court, where matters arise in the probate court in connection with the orderly administration of an estate which incidentally require the construction of a will or a provision thereof, the probate court most assuredly possesses such incidental authority of testamentary construction as may be necessary in the proper determination of the other matters in controversy pertinent to the administration of the estate. Maibaum v. Union Trust Co., Tex.Civ.App., 291 S.W. 924, writ refused."

■■ Where a probate court has exercised jurisdiction over a decedent's estate it will be assumed in the absence of a showing to the contrary that facts existed which

authorized such action. Under such a situation the probate court's order may not be collaterally questioned unless the record shows it was without jurisdiction. The record does not disclose that said order of the probate court, which appellant asserts is void, did not arise in connection with the orderly administration of the estate which incidentally required a construction of the clause in question. In the absence of such showing, it is presumed that the probate court had jurisdiction. The judgment is affirmed.