George H. CANADA, Appellant,

v.

Charles G. EZER, Beneficiary, Independent Executor and Trustee Under Last Will and Testament of George R. Canada, Appellee.

No. A2054.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 11, 1979.

Rehearing Denied Aug. 1, 1979.

Taylor Moore, Law Office of Browne & Moore, Alister B. Mahon, Law Office of Minter & Mahon, Houston, for appellant.

Mark W. Owen, Ernest F. Bogart, Jr., Law Office of Owen, Jones & Bogart, Elgin, for appellee.

Before MILLER, PRESSLER and SALAZAR, JJ.

PRESSLER, Justice.

This is an appeal from the district court's dismissal of George H. Canada's (appellant) cross-action on the grounds that the district court lacked jurisdiction to void the admission to probate of a will admitted to probate in the county court some twenty years prior, or in the alternative to impose a constructive trust in favor of appellant.

The original will of George R. Canada (Canada) was admitted to probate on December 1, 1958, in the county court of Chambers County. Under the terms of Canada's will a trust was created with Canada's widow, Winifred Adair Canada, and Charles G. Ezer (appellee) as co-trustees. Under the terms of the trust Mrs. Canada was the lifetime beneficiary of the trust. Upon Mrs. Canada's death, the assets of the original trust under Canada's will went to a second trust with appellee and another as co-trustees. The will called for specific bequests to be made to various individuals from the second trust. The remainder of the trust assets were then to be delivered by the co-trustee to appellee. Both the named co-trustee and the alternate co-trustee refused to serve. The will did not provide for an additional co-trustee, nor did it provide for a method of selection of a co-trustee. This suit was filed in the district court to receive direction for the carrying out of the terms of the trust and for the appointment of a co-trustee.

Appellant, the son of the testator, was a designated beneficiary under the trust, and, therefore, was named as a party to this suit. Appellant filed a cross-action alleging that the will made the basis of this suit was

invalid because testator was not of sound mind. He also alleged that the will was obtained through undue influence and fraud and that its execution was faulty. In the alternative, appellant asked the district court to impose a constructive trust in favor of appellant.

Appellee filed a motion to dismiss appellant's cross-action for want of jurisdiction. Appellee's motion was heard and granted, and the court appointed a co-trustee to administer the trust. Appellant has perfected this appeal from the dismissal of his cross-action in the district court.

■ Appellant raises two points of error before this court. In his first point of error, appellant states that the district court under section 5, Tex.Prob.Code Ann. (Supp. 1978–1979), has jurisdiction to rule on the validity of the will. This section does confer probate jurisdiction upon the district court. However, the will which appellant seeks to set aside was admitted to probate more than twenty years ago. The appellant's cross-action concerning the validity of the will is a collateral attack on the admission of the will to probate by the county court in 1958. The courts have clearly ruled upon such a matter in *Wybrants v. Lehman,* 307 S.W.2d 339 (Tex.Civ.App.— Eastland 1957, writ ref'd n. r. e.), which held:

> Where a probate court has exercised jurisdiction over a decedent's estate it will be assumed in the absence of a showing to the contrary that facts existed which authorized such action. Under such a situation the probate court's order may not be collaterally questioned unless the record shows it was without jurisdiction.

*Id.,* at 341–42. Appellant has not attacked the jurisdiction of the county court in his appeal. Therefore, his first point of error is overruled.

■ Appellant's second point of error raises the issue of whether or not the district court erred in dismissing the part of the cross-action which requested that the district court impose a constructive trust upon the assets of the estate for the benefit of appellant. Section 5 of the Probate Code

did broaden the jurisdiction of courts hearing probate matters, but Texas cases have stated that this section does not take away the jurisdiction of the district courts to hear a matter involving a request to impose a constructive trust upon the assets of an estate. *Petsch v. Slator,* 573 S.W.2d 849 (Tex.Civ.App.—Austin 1978, writ ref'd n. r. e.); *Gordy v. Alexander,* 550 S.W.2d 146 (Tex.Civ.App.—Amarillo 1977, writ ref'd n. r. e.). The district court in this cause thus had jurisdiction to hear evidence on this matter, but it did not do so. The ruling of the trial court is, therefore, overruled and case remanded to trial court for further proceedings.

Reversed and remanded.